HENRY SUPPLES *vs.* CHARLES CANNON.

The plaintiff had paid the amount ·of a judgment to save his property from being sold on execution, and brought suit to recover back the money, claiming to have paid the judgment before the levy, and the whole question in the case was whether he had so paid. The defendant offered in evidence the record of a judgment in his favor in an action of replevin brought by the plaintiff to recover the property levied on, with parol evidence that upon the trial of that action the plaintiff introduced evidence to prove that he had paid the amount of the judgment before the levy, but it did not appear by the record whether the court decided the case against him on that point or on some other of several points involved. Held that the plaintiff was not estopped by the judgment.

·To render a former judgment a bar, it must either appear by the record of the prior suit, or be shown by extrinsic evidence consistent with the record, that the verdict and· judgment necessarily involved the consideration and determination of the matter sought to be concluded.

A notice under the general issue puts nothing in issue, and adds nothing to the effect of a judgment.

ASSUMPSIT for money had and received; brought to the Court of Common Pleas of Fairfield County, and tried to the jury on the general issue, with notice of a former adjudication of the same matter between the parties, before *DeForest, J.* Verdict for the plaintiff, and motion for a new trial by the defendant for error in the rulings and charge of the court. The case is fully stated in the opinion.

*H. S. Sanford* and *W. F. Taylor,* in support of the motion.

*I. M. Sturges,* contra.

PARDEE, J.  In 1864 one Patchen obtained a judgment in the Superior Court for Fairfield County against Henry Supples, the present plaintiff, of which Charles Cannon, the present defendant, became the owner by purchase.  On the 18th day of February, 1870, execution issued on this judgment, which on the 30th day of March, 1870, was placed in the hands of Alfred A. Heath, a deputy sheriff, for service, who on that day levied it upon a pair of oxen as the property of Supples, and by virtue thereof took the same into his possession.  On the 1st day of April, 1870, Supples prayed out a writ of replevin, in which Cannon and Heath were made defendants, and on the next day caused service thereof to be made, by which the oxen were taken from the possession of Heath and were restored to Supples.  On the sixth day of April, 1870, Heath legally recovered possession of them, whereupon Supples paid to him, as such deputy sheriff, the sum of $128.56, being the amount due upon the execution, together with the sum of $14.72, being the amount of his fees thereon, and he then delivered the oxen to Supples, who has ever since held them in his possession.

In his declaration in the action of replevin Supples averred that the oxen belonged to him and that Cannon and Heath unlawfully detained them in their possession.  They denied the truth of these averments by their plea of the general issue, and under that filed a notice setting forth, in effect, that they lawfully held the oxen upon the execution, and were proceeding to sell them in satisfaction thereof in lawful manner, when they were taken by Supples without law or right.  Upon this plea, with this notice, the parties were heard by the Court of Common Pleas for Fairfield County in February, 1871, and judgment was rendered in favor of the defendants, Cannon and Heath, that they recover their costs of the plaintiff.  On the 5th day of April, 1876, Supples instituted this present action of assumpsit against Cannon, which contains the common counts, and was made returnable to the Court of Common Pleas for Fairfield County at the

May term, 1876, in which he sought to recover the money paid to Heath in 1870, filing the following bill of particulars: "The plaintiff in this case will claim to recover from the defendant the sum of $143.28, and interest thereon from the 6th day of April, 1870, for money paid to the defendant by the plaintiff, and had and received by the defendant to and for the use of the plaintiff." To this the defendant pleaded the general issue, and with it filed a notice to the effect that he should claim and offer evidence to prove that upon the trial of the action of replevin the plaintiff had claimed and offered evidence to prove that he had fully paid and satisfied the Patchen judgment before execution had issued, and that solely for this reason the oxen were illegally taken and held thereon; and that the court heard testimony concerning this claim of payment, considered it and adjudged as a matter of fact that such payment had not been made. Upon the trial the plaintiff offered evidence to prove, and claimed to have proved, that the judgment had been fully paid and satisfied by him long before the levy of the execution, to wit, in August, 1865, and that the execution was wrongfully and fraudulently procured to be issued by the defendant and was void, and that he, the plaintiff, so informed Heath when he took the oxen, and therefore claimed the right to recover from the defendant the aforesaid sum of $128.56 and interest thereon. For the purpose of estopping the plaintiff from proving in this suit that he had paid and satisfied the Patchen judgment before the taking of the oxen, the defendant offered in evidence the record in the replevin suit, consisting of the writ, plea of general issue with notice, and the judgment of the court thereon, and in connection therewith the oral testimony of the judge rendering the judgment that he had received testimony upon the trial for and against the claim of Supples as to payment of the judgment in 1865, that he had found that the judgment had not been fully paid but had not found what part remained unpaid, and that he had determined as a matter of law that the action of replevin could not be maintained for the oxen as they had been taken by virtue of an execution, and that he had ren-

dered judgment for the defendants in the action. The court below received the record and oral testimony thus offered subject to exception, but at the close of the trial, in the course of his charge, the judge gave the jury the following instructions upon this point:

" This is not a case where parol evidence would be admissible to rebut any presumption arising out of the record, and such evidence is certainly not admissible to create a presumption which does not arise out of the record. We are therefore confined to the record itself, and unless it appears from it, directly or by necessary inference, that this question was necessarily raised, tried and decided in the trial and decision of that case, then upon this point the defendant has failed to establish his defence."

The jury having returned a verdict for the plaintiff the defendant asks for a new trial for error in these instructions of the court.

The rule of law that in order to constitute a former judgment an estoppel, or in other words to render it conclusive on any matter, it is necessary that it should appear from the record itself that the precise point was in issue and decided, refers, and can only be practically applied, to instances of special pleading, where there is a precise averment on one side and an equally precise denial on the other. Our own system of practice admits of a declaration containing several general counts in which distinct causes of action may be sued for, and this may be met by a general denial, and the proceeding conclude with a general judgment. And even when the statutory notice accompanies this general denial there is no less uncertainty as to the precise point upon which the judgment rests, for the notice puts nothing in issue, and inasmuch as the defendant is not bound to follow it up by proof, the judgment does not conclude the parties in respect to the averments therein ; its presence only makes it possible that some one of them was proven. If thereafter one of the parties to such judgment shall make a claim the subject matter of an action at law against the other, and the latter desires to plead that judgment as an estoppel or to rely

upon it as evidence, the severe strictness of the foregoing rule has been so far modified by modern decisions in different jurisdictions as to permit him to show by parol evidence that the former judgment involved, and in fact was based upon, the determination of the subject matter of the second action; or, if this last claim might properly have been adjudicated in the first action and would legally have supported the judgment therein and that judgment is pleaded in bar of the second action, the plaintiff is permitted to rebut a legal presumption by showing by parol that this last claim has not been adjudicated; firstly, because the policy of the law is on the one hand that if a claim has once been passed upon by a court of competent jurisdiction it shall not thereafter be controverted between the same parties, and this in the interest of peace; and on the other, that no artificial presumption shall bar the recovery of a debt justly due, and this in the interest of truth; and secondly, because of the impossibility of proving otherwise than by parol the basis upon which the general judgment stands.

In *Dutton* v. *Woodman*, 9 Cush., 255, the court says: "Parol evidence is admissible to show that the same fact was submitted to and passed upon by the jury in the former action, because in many cases the record is so general in its character that it could not be known, without the aid of such proof, what the precise matter in controversy was at the former trial." In *Bigelow* v. *Winsor*, 1 Gray, 299, the court says: "To render a former judgment between the same parties admissible in evidence in another action pending between them, it must appear that the fact sought to be proved by the record was actually passed upon by the jury in finding their verdict in the former suit. It is not necessary that it should have been directly and specially put in issue by the pleadings; but it is sufficient if it is shown that the question which was tried in the former action is again to be tried and settled in the suit in which the former judgment is offered in evidence, and parol evidence is admissible to show that the same fact was submitted to and passed upon by the jury in the former action; because in many cases the record is so general in its

character that it could not be known, without the aid of such proof, what the precise matter in controversy was at the trial of the former action." In *Phillips* v. *Berick*, 16 Johnson, 136, the plaintiff had recovered a judgment against the defendant in a former action of general assumpsit for work and labor; this was a second action of the same character for work and labor ; the defendant pleaded the first judgment in bar; the plaintiff was allowed to prove by parol that the second suit was for work and labor performed before the first action was brought, and that it was not included in the first judgment. In *Gardner* v. *Buckbee*, 3 Cowen, 127, the court says: "The record shows that it was competent on the trial to establish the fraud of the plaintiff. Whether fraud was made out and whether that was the point upon which the decision was founded must necessarily be proved by evidence extrinsic the record. To do so is not inconsistent with the record, nor does it impugn its verity." In *Washington Packet Co.* v. *Sickles*, 5 Wall., 592, the rule is said to be substantially this: that to render the judgment conclusive it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried or determined; that is, that the verdict in the suit could not have been rendered without deciding that matter ; or it must be shown by extrinsic evidence, consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter.

Therefore when Supples brought his present action against Cannon for $143, and based his right to recover that sum upon the fact that he had twice paid to him the amount of an execution and now sought to recover the second payment, Cannon had the right to meet this claim by parol evidence tending to show that on the trial of the action of replevin, and as the basis of his right to recover judgment therein, Supples had presented proof of such double payment; that Cannon had denied it and supported his denial by counter-proof; and that the court passed upon and found it to be untrue, and on such finding had based the judgment for Cannon in that suit. ·

The offered evidence was at first received subject to the plaintiff's objection, but was at a later stage of the trial withdrawn by the court from the consideration of the jury. The record discloses that the judge who tried the action of replevin testified that he received evidence for and against Supples's claim of previous payment and satisfaction of the execution upon which the cattle were taken, and that he found that it had not been fully paid, but did not find what part remained unpaid; but that he decided as a matter of law that replevin could not be maintained for property taken and held upon execution, and therefore rendered judgment for Cannon. The record itself is silent as to the particular point, either of fact or law, upon which the judgment was made to rest, and under the plea of the general issue with the accompanying notice it had three possible foundations, namely, that Supples neither owned nor had any right to the immediate possession of the cattle, that Cannon did not wrongfully detain them, and that the execution had been fully paid and satisfied before the taking. It is clear therefore that the course adopted by the court worked no injury to the defendant; for, if the evidence be only that testimony was received in support of and against Supples's claim of previous payment, there would then stand the same three possible foundations for the judgment; the truth of his claim would not be at all necessary to its existence; and there would have been established only a possibility, not even a probability, that it rested thereon, and from a possibility courts will not raise up an estoppel; and the evidence introduced by Cannon from the judge as to the secret operations of his mind has made it doubly certain that the judgment did not rest upon that claim; for, first, negatively, he did not find any fact concerning it; second, positively, he rendered judgment for Cannon solely upon the point of law presented. Therefore, instead of withdrawing the evidence from the consideration of the jury, it was the duty of the court below to have instructed them that as a matter of law it was admissible, but that the legal effect of it went no further than to show a mere possibility that the former judgment was based upon a finding that Supples's claim of

prior payment was untrue; and that the law will not permit the judgment to operate as a bar in this action until it is proven that the claim is necessary to, and in fact is the only basis of its existence; and that their verdict must be for the defendant. There was error therefore in the manner of reaching the result, but none in the result itself. That should stand. And a second trial is not granted unless the court can see that real injustice was or might have been done upon the first.

A new trial is not advised.

In this opinion the other judges concurred.

NOTE.—It was formerly held that a judgment was evidence against a party of any fact involved in it only when that fact was specially put in issue and tried, and the authorities generally concurred in this view. *Sintzenick* v. *Lucas*, 1 Esp., 43; *Manny* v. *Harris*, 2 Johns., 24; *Church* v. *Leavenworth*, 4 Day, 277; *Smith* v. *Sherwood*, 4 Conn., 276. The later authorities, however, and especially the most recent ones, fully sustain the position taken by the court in the foregoing case, that where the record leaves the matter in doubt whether the precise question made in a later case was made and decided in a former one between the same parties, the fact that it was so made and decided, or was not, may be shown by parol evidence. Thus, in *Russell* v. *Place*, 94 U. S. Reps., 606, decided in 1876, the court, (per Mr. Justice FIELD, p. 608,) says: "It is settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record, *or be shown by extrinsic evidence*, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment passed—the whole subject matter of the action will be at large and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible." And even where the pleadings show that the precise fact now in question was put in issue in a former trial between the same parties, it has been held that parol evidence was admissible to show that the fact thus put in issue was not submitted to the jury. *Wright* v. *Butler*, 6 Wend., 289. In *Hooker* v. *Hubbard*, 102 Mass., 242, FOSTER, J., says: "The rule of estoppel by a former verdict and judgment between the same parties is not confined to matters appearing on the record, but extends to every fact which can be shown by evidence to be necessarily involved in the first adjudication." And COLT, J., says, (p. 245,) "If the pleadings present several distinct propositions of fact, the judgment is not conclusive upon any

one of them, unless it appears, *from the record or aliunde,* that the issue upon which it was rendered was upon that proposition. See also 2 Smith Lead. Cas., H. & W. ed., 474; *McDonnell v. Langdon,* 3 Gray, 513; *Sawyer* v. *Woodbury,* 7 Gray, 503; *Jennison* v. *West Springfield,* 13 Gray, 544; *Burlen* v. *Shannon,* 14 Gray, 433; *Johnson* v. *Morse,* 10 Allen, 540; *Packet Co.* v. *Sickles,* 5 Wall , 592; *Phillips* v. *Berick,* 16 Johns., 136; *Gardner* v. *Buckbee,* 3 Cowen, 120.

The authorities are all agreed that the fact determined in the former suit must have been essential to the judgment in that case. And it makes no differ-ence whether the fact was a part of the plaintiff's case or of the defendant's. In *Jennison* v. *West Springfield,* 13 Gray, 545, BIGELOW, C. J., says · "The real point is, was the fact in issue the subject of judicial controversy, relied upon either in the support or defence of the action, and comprehended within the verdict at the former trial."

And it would seem to make no difference that the fact, not essential to the former judgment, has been expressly found in that case, by a special finding of the court, by the report of a committee or by a special verdict. So long as it was not essential to the judgment the parties are not concluded by the finding of it. Thus if, in an action upon a note, where the question was whether the defendant executed the note, a committee had found that the defendant bought a piece of land and gave a certain price for it, in two notes, describing them, which he executed together and delivered to the vendor, one of which was the note in suit, this finding, although express upon the point of the execution of both the notes, would not conclude the defendant in a suit upon the second note. If however the two notes had been executed by an attorney under a power, and the sole question made was as to the execution of the power of attorney by the defendant, and the committee had found that it was executed by him, this finding would conclude the defendant in a suit upon the second note. In the latter case the proof of the execution of the power was essential to the judgment in the case, while in the former the proof of the execution of the two notes was not essential, that of the one in suit being alone so.

The point being settled that parol evidence may be admitted to show that a matter within the issue in the former suit was not in fact submitted to the jury, or that a fact submitted to the jury within the issue was not in fact decided by them, a question of much interest arises with regard to the limitation of such evidence. May a judge be called upon to state, in a later case, what particular facts he found or failed to find in the operations of his own mind, in arriving at a general result upon an issue of fact submitted to him? And if so, may jurors in a former case be called on to make the same statement with regard to their own conclusions in the jury room? And may each juror testify to his own separate conclusions or only as to conclusions which were expressed by the jury as a body, by a vote or otherwise?

It is an established rule that a juror will not be allowed to testify to irregu-larities of conduct on the part of the jury in the jury room. The practice was formerly otherwise, both in England and in this country, (*Norman* v. *Beaumont,* Willes, 487; *Aylett* v. *Jewell,* 2 W. Bla., 1299; *Warner* v. *Robinson,* 1 Root, 194; *Grinnell* v. *Phelps,* 1 Mass., 541; *Smith* v. *Cheetham,* 3 Caines, 57,) but for many years has been settled in accordance with this rule. 1 Greenl. Ev., § 252*a*; *Boston & Worcester R. R. Co.* v. *Dana,* 1 Gray, 83; *State* v. *Freeman,* 5 Conn., 348; *Meade* v. *Smith,* 16 id., 356; *Haight* v. *Turner,* 21 id., 596. In *Howard* v.

Supples *v.* Cannon.

*Cobb,* 3 Day, 309, it was held by the U. S. Circuit Court, that neither the jurors nor the officer who had them in charge could be compelled to testify to the fact that they had separated before returning their verdict, (then held to be a good ground for setting aside the verdict,) but that they might testify to the fact if they pleased. In all these cases the evidence related to misconduct on the part of the jurors themselves. But in *Regina* v. *Gazard,* 8 Car. & P., 595, it is held that a judge can not be called on as a witness to testify what took place before him on another trial. A bill of indictment for perjury was before the grand-jury, and the judge before whom the perjury was claimed to have been committed was summoned before the grand jury, but expressed a desire not to be examined as a witness, and the grand jury asked the advice of the court on the point. Patteson, J., said : "It is a new point, but I should advise the grand jury not to examine him. He is president of a court of record, and it would be dangerous to allow such an examination, as the Judges of England might be called upon to state what occurred before them in court." Mr. *Lee,* as *amicus curiæ,* referred to a case in which Sir Sydney Smith had been examined before the grand jury at Worcester in support of an indictment for perjury charged to have been committed at the Worcestershire Quarter Sessions, at which he was chairman. But Patteson, J., replied, "I think it is wrong and that it ought not to be done." In *Ellis* v. *Saltau,* 4 Car. & P., 327, note, decided in 1808, it was held by Lord Mansfield that an arbitrator could not be compelled to testify as to the grounds on which he had made up his award, but might testify if he chose. The suit here was on the award, and the object was to show that the arbitrator had exceeded the limits of the submission. In *Habershon* v. *Troby,* 3 Esp., 38, decided in 1799, Lord Kenyon held that an arbitrator ought not to be permitted to depose as to what transpired before him upon the hearing. The suit in which the evidence was offered was an action for a vexatious suit, which latter suit had been referred to the arbitrator, with authority to hear the testimony of the parties and examine the defendant's books, and he had awarded that the plaintiff in that suit had no cause of action. Lord Kenyon now put the inadmissibility of the arbitrator's evidence upon the ground that as the parties themselves could not have been examined in the former case nor the books shown, the arbitrator ought not to testify to matters which he determined from that evidence. The case does not therefore go the whole length of deciding that an arbitrator would not be allowed, nor that he might not be compelled, to testify as to the facts found in making up his award. In *Martin* v. *Thornton,* 4 Esp., 180, an arbitrator was called to testify that upon a reference before him of all matters of difference between the parties, upon which he had made a written award, a claim had been made for compensation for the injury for which the present suit was brought. This evidence was objected to, but Lord Alvanley allowed the arbitrator to be examined. In *McLellan* v. *Richardson,* 13 Maine, 82, it is held that a prosecuting attorney can not be allowed to testify as to what took place in the grand jury room. To the same effect is *Commonwealth* v. *Tilden,* cited in a note to the Am. ed. of Starkie's Ev., Vol. 2, p. 400. The same rule applies to a clerk of a grand jury. Vin. Abr. *Evidence,* 38. In *Freeman* v. *Arkell,* 1 Car. & P., 137, a grand juror was allowed to testify who was the prosecutor ; and the reporter in a note says, "a grand juror may be called to prove any substantive fact within his knowledge, but not anything which he hears as a grand juror or which comes within his oath of secrecy."

In *Hindekoper* v. *Cotton*, 3 Watts, 56, it is held that a grand juror is a competent witness to prove who the prosecutor was; HUSTON, J., remarking that under the English rule grand jurors are not allowed to disclose who agreed to find the bill and who did not agree, but that their oath of secrecy was not intended to obstruct the course of justice. Starkie, in a note to his work on Evidence, Vol. 1, p. 169, says, "A juror can not be examined and sifted as to the grounds of his verdict; the ancient rule of law was otherwise." In *Manny* v. *Harris*, however, (2 Johns., 24,) KENT, C. J., trying a case on the circuit, admitted a juror to prove how a verdict was made up. The report says, (p. 26) : "One of the jurors on the former trial, being sworn as a witness, testified that the jury, in making up their verdict in the former cause, allowed the present plaintiff all the money he now claims in the present suit." The case was carried up upon the question whether any evidence could be admitted to show that fact, but neither in the arguments of counsel, nor in the opinion of the court, is any remark made about allowing the juror to testify, nor is the matter referred to in the head note.

In the principal case the judge who tried the former action was allowed to testify as to his finding upon a certain point in his own mind in making up a general judgment. The question was not made as to whether he could have been compelled to testify to the same matter if he had been disinclined to do so—nor was objection made to the admissibility of the evidence.

There would seem to be no good reason, if the finding of a judge or jury on a particular point becomes important in a later case between the same parties, and that finding may be shown by parol evidence, why the testimony of the judge and the jurors should not be admitted, as being not only all the evidence that could ordinarily be obtained, but as being the most satisfactory in its nature. If there be a rule of policy that would ordinarily protect them from a compulsory disclosure of the details of their findings, there is yet another policy operating in the case of great importance and requiring such evidence. This is tne interest of the public that there should be an end of litigation over any particular matter. If the courts have once heard parties and adjudicated their controversies, it is against public interest to have the time of the courts and jurors and witnesses taken up again with a re-trial of the same matter. To this very important consideration is to be added the further no less important one, that justice to a party who has once established his case in a court of justice requires that he should keep the benefit of the adjudication that he has once obtained.

It is of course very plain that in allowing individual jurors, perhaps after the lapse of several years, to testify as to their recollection of the details of the action of the jury, of which no record has been preserved, evidence of a very unreliable and really unsafe character is brought into a case. This consideration must necessarily detract from its weight, but can not be a sufficient reason for its exclusion. The party who seeks to establish the fact that the former jury did or did not consider and pass upon certain facts, is bound to satisfy the present triers of the fact of such finding or omission to find; and therefore, if the evidence is vague and unreliable, it will, as it ought to, go for nothing with the triers. Their judgment must be trusted with the evidence, as it has to be with other cases of vague and unreliable evidence.                                    R.