## LUCIUS A. HUNTLEY *vs.* ALFRED HOLT.

New Haven & Fairfield Cos., April T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

*A* brought a suit against *B* and his wife for the purpose of foreclosing a lien for the construction of buildings for *B* upon the wife's land, alleging an indebtedness of both defendants and an interest of *B* in the land that could be foreclosed. *B* made a separate defense, denying his indebtedness, on which issue was joined. While the suit was pending *C*, who held an assignment of a part of *A's* claim on *B*, was made a party plaintiff. The court found that *B* was indebted to *A* in a certain sum, and this finding was made a part of the record, but that he had no interest in the land that could be foreclosed and that the wife was not liable, and dismissed the complaint. In another action brought in *A's* name against *B* upon the claim upon which the former suit was brought, which had since been fully assigned to *C;* in which the court found that on the trial of the former case the question of *B's* indebtedness was the matter on which most of the evidence was taken, it was held that the record of the former judgment was conclusive evidence in the later suit of *B's* indebtedness to *A*.

The only matter essential to making a former judgment conclusive between the parties is, that the question to be determined in the second action is the same question judicially settled in the first. A judgment is conclusive not only as to the subject matter in the suit, but as to all other suits which, though concerning other subject matters, involve the same question of controversy.

Ignorance of a cause of abatement will never justify the filing of a plea in abatement after the time limited.

[Argued March 4th—decided May 5th, 1890.]

ACTION to recover an amount due for the construction of

two buildings for the defendant; brought to the Superior Court in New Haven County, and heard before *Robinson, J.* Judgment for the plaintiff and appeal by the defendant for error in overruling a plea in abatement and in the admission of evidence on the trial. The case is fully stated in the opinion.

*W. B. Stoddard* and *S. C. Loomis*, for the appellant.

We claim that the finding and judgment in the foreclosure case of *Huntley et al.* v. *Holt et ux.* should not have been received to prove the amount due under the contract. This defendant was not a proper party to that suit; he had no interest in it. The fact that the plaintiff did not know it is of no consequence. The public land records disclosed that he had no interest in the land, and ought not to have been made a party under the amended and substituted complaint. Simply making a stranger to the cause a party does not place him in such a position that a finding upon a question in which he has no legal interest can be used against him in a suit in which he is interested, and estop him from contradicting it on the ground that it is res *adjudicata*. The term "parties" includes those interested in the subject matter in issue who have the right to make defence, control the proceedings, or appeal from the judgment. Persons not having these rights are regarded as strangers to the cause. Bouvier's Law Dict., *Parties to Actions*; 1 Greenl. Ev., § 523.

The judgment in that case did not, and could not, affect Mr. Holt's right. Upon the trial the only issue that Mr. Holt did, or could, try before the court was, whether he had any such interest in the land in question that a decree could be rendered against him. The finding shows that during the trial the plaintiff became satisfied that there was no such interest in him as would warrant a decree of foreclosure, and abandoned that claim. The fact that Huntley had performed his contract was an issue which affected Mrs. Holt only, and she only had the right to try that question. So far as Mr. Holt was concerned, it was immaterial. After the plaintiff had admitted on the trial that Mr. Holt had

no interest in the land, he could not have appealed from any judgment that was rendered in that case either in favor of or against Mrs. Holt. If this judgment had the conclusive effect upon Mr. Holt which the court below gave to it, then it must have been a judgment against him. But he could not have appealed, because there was nothing from which he could appeal. He had no interest in the land sought to be foreclosed.

The law is that if the precise point is not in issue, and essential to the judgment, the parties are not concluded. *Supples* v. *Cannon*, 44 Conn., 427, and note to that case, p. 432. It must appear either from the record or *aliunde* that this issue was decided, and that the judgment was rendered on that issue in regard to Alfred Holt's interest. There is no such finding or judgment so far as Alfred Holt is concerned. In *Russell* v. *Place*, 94 U. S. R., 606, cited in the note to *Supples* v. *Cannon*, *supra*, the court says, (p. 608,) " It must appear that the precise question was raised and determined." Now in the foreclosure case the only issue determined, so far as Mr. Holt was concerned, was that he had no interest in the question at issue, to wit, the foreclosure of the lien. The case of *Munson* v. *Munson*, 30 Conn., 425, relied upon by the plaintiff, has no bearing upon this point. Judge BUTLER says (p. 433 :) " No fact," etc., " put in issue and decided," etc., " shall again be litigated between the same parties or their privies." In that case the parties had been at issue respecting the title to certain land, and it appears from the opinion that the same issue was again before the court. In the case at bar the only question tried and determined as to Alfred Holt was, did he have any title or interest that could be foreclosed ? When the plaintiffs discovered on the trial that the land belonged to Mrs. Holt for her sole and separate use, and abandoned the claim which they had made that Mr. Holt had a life interest that could be foreclosed, Mr. Holt was practically and really out of the case. No further claim was made against him. All the finding of facts in regard to the performance of the contract was collateral and incidental to the right to foreclose *Mrs. Holt's* interest. There is

no suggestion in the finding that these facts had any bearing upon the case except as a basis of a judgment against Mrs. Holt's interest, and they were not offered for any other purpose. How then can the finding in that case be conclusive upon him in this case?

*J. W. Alling,* for the appellee.

ANDREWS, C. J. The appeal in this case presents two questions : one in respect to a plea in abatement, the other in respect to the admission of evidence. The complaint was returnable and was returned to the Superior Court in New Haven County on the first Tuesday of March, 1888, at which time the parties respectively appeared. On the third day of March, 1890, and after the case had been regularly assigned for trial, the defendant filed with the clerk, but without leave of the court, a plea in abatement for causes which in fact existed at the time the suit was brought, but of which the defendant was ignorant until that day. At the opening of the trial the plaintiff moved the court that the plea in abatement be stricken from the files of the case. The court allowed the motion. This is alleged as error.

The first section of rule 19 of the general rules of practice (Practice Act, page 261), is that " all pleas in abatement in the Superior Court must be filed on or before the opening of the court on the day following the return day of the writ." The rule was intended to be exclusive. Ignorance of a cause of abatement will never justify the filing a plea after the time limited. *James* v. *Morgan,* 36 Conn., 348.

On the trial of the case, for the purpose of proving the indebtedness claimed in the complaint and specifically mentioned in the bill of particulars, the plaintiff offered in evidence the record of a case entitled *Huntley et al.* v. *Holt et ux.,* tried in the Superior Court for New Haven County at its October session, 1889. To the admission of this record the defendant objected, but the court admitted it. This is the other alleged error.

The case of *Huntley et al.* v. *Holt et ux.* was a complaint brought by Huntley, the present plaintiff, alleging precisely the same indebtedness that is alleged in the present complaint, and praying for the foreclosure of a builders' lien upon certain lands to secure the payment thereof. It made Alfred Holt, the present defendant, and Mary Holt his wife, defendants, and averred that they were both liable for the debt, and that while Mary Holt was the owner upon the record of the lands sought to be foreclosed, yet that Alfred Holt had an interest therein which might be foreclosed also. After that case had been pending in court for some time, Halstead, Harmount & Co., a copartnership consisting of Andrew C. Halstead, A. J. Harmount, George P. Dunham and Merrill Loomis, all of New Haven, were, upon motion of the defendants, made parties plaintiff thereto. It appeared that this copartnership was the assignee of nearly the whole of the indebtedness named in that complaint, as security for a larger sum due them from Huntley and upon which Huntley still continued liable to them. In that action Alfred Holt made a separate defense, denying that he was indebted to the plaintiffs therein, either alone or jointly with his wife. Issue was joined on that defense, it was fully tried, and the court found that he was indebted on account of the Dixwell Avenue house the sum of $907.39, and on account of the Gibbs Street house the sum of $939.56 ; and such finding was made a part of the judgment file. On other issues made in that case it was found that Mary Holt was not liable in any way for the indebtedness, and it was also found that Alfred Holt had no interest in the land on which the houses were built that could be foreclosed. The complaint was thereupon dismissed. Upon the present trial, on evidence *dehors* the record, the court found that on the trial of the former case the question of the performance by the plaintiff of the contract was the matter on which most of the evidence on that trial was taken, and that it was argued by counsel on both sides.

We think there was no error in admitting that record. " The general rule is well settled that the estoppel of a for-

mer judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the things expressly stated, and decided, whether they were or were not expressly litigated or considered. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is for the purpose of the estoppel deemed to have been actually decided." *Pray* v. *Hegeman,* 98 N. York, 358. See also *Campbell Printing Press Co.* v. *Walker,* 114 N. York, 7. " The only matter essential to making a former judgment on the merits conclusive between the parties, is that the question to be determined in the second action is the same question judicially settled in the first. A judgment is conclusive not only as to the subject matter in the suit, but as to all other suits which, though concerning other subject matters, involve the same question of controversy." Freeman on Judgments, § 253. See also *Aurora City* v. *West,* 7 Wallace, 82 ; *Gardner* v. *Buckbee,* 3 Cowen, 120 ; *Collins* v. *Bennett,* 46 N. York, 490 ; *Babcock* v. *Camp,* 12 Ohio St., 11.

It is found that Halstead, Harmount & Co. are now the assignees of the whole debt owed by Alfred Holt to Huntley;—that is, the whole of the debt for which this suit is brought. The suit might have been prosecuted in his name for their benefit. *Saugatuck Bridge Co.* v. *Town of Westport,* 39 Conn., 337. But whether prosecuted in their own name or in Huntley's name, they are the real parties in interest as plaintiffs. Comparing then the present suit with the issue formed in the prior one on the separate defense pleaded by Alfred Holt, it appears that the parties plaintiff are identical in legal right. The defendant is the same, and the subject matter is the very same that was then tried and decided ; so that this case is brought within the strictest definition of an estoppel by a former judgment—identity of parties and identity of the cause of action. *Supples* v. *Cameron,* 44

Conn., 424; *Munson* v. *Munson*, 30 id., 433; *Hungerford's Appeal from Probate*, 41 id., 322.

" It is an established rule in the administration of justice that all controversies between parties, once litigated and fully and impartially determined, shall cease ; and to that end no fact involved in such litigated controversy, shown by the record to have been material to its determination and to have been put in issue and decided, whether the proceeding was at law or in equity, shall again be litigated between the same parties." Judge BUTLER in *Munson* v. *Munson*, supra.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.