Town of New Haven *vs.* Lewis D. Chidsey.

Third Judicial District, Bridgeport, October Term, 1896. Andrews, C. J., Torrance, Fenn, Baldwin and Hamersley, Js.

Although a judgment fairly obtained against one for whom another has given a bond of indemnity, is admissible in a suit against the latter, it will not be conclusive evidence of his liability, unless it is shown that the judgment was rendered for a cause covered by the bondsman's undertaking.

[Argued October 29th—decided December 1st, 1896.]

ACTION against the surety upon the official bond of a constable, for the latter's neglect of duty, brought to the City Court of New Haven and tried to the court, *Platt J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Charles S. Hamilton,* for the appellant (plaintiff).

A judgment against the principal is conclusive on the surety in the case of a bond of this kind, which is an obligation to "answer all damages which any person may sustain by his neglect or unfaithfulness in their discharge." *Willey* v. *Paulk,* 6 Conn. 74, 76; *Levick* v. *Norton,* 51 id. 461, 470; *DeForest* v. *Strong,* 8 id. 514, 522; *Chamberlin* v. *Godfrey,* 36 Vt. 380, 383; *Crawford* v. *Turk,* 24 Gratt. 176, 180; *Tate* v. *James,* 50 Vt. 124, 128; *Tracy* v. *Goodwin,* 5 Allen, 409, 412; *Dennier* v. *Smith,* 129 Mass. 143, 144; *Masser* v. *Strickland,* 17 Serg. & R. 354, 355; *Evans* v. *Com.,* 8 Watts, 398,

399; *State* v. *Barnes*, 24 Atl. R. 540 ; *Barber* v. *Rutherford*, 63 N. Y. (S. R.) 868 ; *Biggins* v. *Raisch*, 40 Pac. R. 333, 334; *Nevitt* v. *Woodburn*, 56 Ill. App. 346, 350 ; *Perkins* v. *Scott*, 9 Ohio, C. C. 207 ; *Oberbeck* v. *Mayer*, 59 Mo. App. 289, 291 ; *Whelan* v. *McCullough*, 22 Wash. L. Rep. 636 ; *Trieste* v. *Enslen*, 17 So. Rep. 356, 358 ; *Thomas* v. *Markman*, 62 N. W. 206, 208 ; *Clark* v. *H. Fir. Nat. Bk.*, 57 Mo. App. 277, 285 ; *Cox* v. *Hartranft*, 154 Pa. St. 457, 459 ; *Holden* v. *Curry*, 55 N. W. 965, 968 ; *Douglass* v. *Ferris*, 138 N. Y. 192, 201.

*Henry G. Newton*, for the appellee (defendant).

The record of the former judgment shows two counts. This defendant was bound for the default in only one of them. There is nothing in the finding to indicate that the jury gave their verdict on one count more than on the other. It was in the power of the plaintiff to have taken a verdict upon each count. If he had done this he might have known whether the default for which the verdict was given was one for which this defendant might be liable. He did not take the precaution to do this, and the judgment is of no avail in this action. *Johnson* v. *Higgins*, 53 Conn. 236 ; *Eaton* v. *Harth*, 45 Ill. App. 355. The net result of the cases on suretyship relating to officers, as well as other matters, seems to come to this : Where the bond is one of indemnity, or where it is in effect to pay a judgment, judgment against the principal in the absence of fraud or collusion binds the surety. Where the bond is merely one for the fidelity of the principal, the surety is not bound unless included as a defendant in the original suit, or unless notice is served upon him of the original suit and opportunity to defend given. *White* v. *Leete*, 1 Blackf. (Ind.), 557 ; *Governor* v. *Shelby*, 2 id. 26 ; *Pico* v. *Webster*, 14 Cal. 203 ; *Carmack* v. *Com.*, 5 Binney (Pa.), 183; *Carmichael* v. *Governor*, 3 How. (Miss.), 236 ; *Lucas* v. *Governor*, 6 Ala. 139, 141 ; *Thomas* v. *Hubbell*, 15 N. Y. 405 ; *Fay* v. *Ames*, 44 Barb. 327, 335 ; *Fay* v. *Edmiston*, 25 Kan. 439 ; *De Grieff* v. *Wilson*, 30 N. J. Eq. 435, 437 ; *Charles* v. *Haskins*, 14 Ia. 471 ; *Graves* v. *Bulkeley*, 25 Kan. 249. All the cases cited by the text books as illustrations of

a judgment against the principal being conclusive against the surety, are founded on special statutes or a peculiar form of bond. *Com.* v. *Barrows*, 46 Me. 497 ; *Dane* v. *Gilmore*, 51 id. 547 ; *Chamberlain* v. *Godfrey*, 36 Vt. 380 ; *Tute* v. *James*, 50 id. 124 ; *Lowell* v. *Parker*, 10 Met. 309, 315 ; *Tracy* v. *Goodwin*, 5 Allen, 409 ; *Dennie v. Smith*, 129 Mass. 143.

ANDREWS, C. J. This suit was brought for the benefit of Anthony Carroll of New Haven. The facts are these : Joseph R. Warren was, on the 2d of December, 1890, chosen a constable of the town of New Haven, and the defendant had given a bond to the town for the faithful discharge by Warren of his duties as such constable during the year for which he was then elected. Warren was re-elected a constable in subsequent years, and gave another bond on which the defendant was not a surety. In 1893 the said Carroll recovered a judgment in the Superior Court for New Haven county against the said Warren, for neglect by him of his duty as a constable in an action which Carroll had had against one Brady. In the said action by Carroll against Brady, constable Warren had served the writ and had also served the execution. Upon the trial of the present case the plaintiff offered the files and records of the Superior Court in the said action of Carroll against Warren, and claimed that the same was conclusive of his right to recover in this case. The court admitted the same in evidence, but ruled that it was not conclusive ; also that upon all the facts in the case, including said judgment, said Warren had not been unfaithful, and overruled the claims of the plaintiff and rendered judgment for the defendant. In the finding of facts, and also in the memorandum of decision, the trial judge mentions other evidence in this case besides the said judgment ; what such other evidence was, does not appear. If the ruling of the court that said judgment was not conclusive, as claimed by the plaintiff, was correct, then there was no error ; otherwise there is error.

We do not find it necessary to discuss the point made by the counsel for the plaintiff, that a judgment fairly obtained

against one for whom another has given an indemnity, is evidence, and usually conclusive, in a suit on the indemnity. CH. J. MARSHALL, in *Clark's Exrs.* v. *Carrington*, 7 Cranch, 308, 322; *Drummond* v. *Prestman*, 12 Wheat. 515, 517; *Levick* v. *Norton*, 51 Conn. 461; *Bassett* v. *McKenna*, 52 id. 437; *Welch* v. *McKane*, 55 id. 25; *Willey* v. *Paulk*, 6 id. 74; *De Forest* v. *Strong*, 8 id. 514. Even if this is so, in a suit on an indemnity it must of course be shown that the defendant gave the indemnity, that the judgment was fairly obtained, and that it was rendered for a matter to which the indemnity applied; and if this is not done the judgment is not conclusive. The complaint in the action of Carroll v. Warren contained two counts. The first one clearly charged a neglect by constable Warren in the service of the writ in the case against Brady. For that neglect, if proved, the defendant in this case had given a bond of indemnity. The second one charged a neglect by said Warren which might have been in the service of the execution in that case against Brady; and if so, it was a neglect for which the present defendant had not given a bond of indemnity. There was a general judgment in that case; and whether it was rendered for the neglect charged in the first count, or for the one charged in the second count, does not appear by the judgment itself. Evidently that judgment was not conclusive against the defendant, because it was ambiguous, and did not show clearly that the defendant was liable. That ambiguity might have been removed by intrinsic evidence. *Supples* v. *Cannon*, 44 Conn. 424, and note. Extrinsic evidence was offered on the trial, but as it failed to remove that ambiguity so as to satisfy the court that such former judgment was rendered upon a matter to which the bond given by the defendant applied, there is nothing in the record to show that there is any error.

There is no error.

In this opinion the other judges concurred.