CARLOS H. STORRS, ADMINISTRATOR, *vs.* WILLIAM T. ROBINSON ET UX.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

> Where a former judgment is pleaded in bar, the record thereof may be supplemented by any appropriate extrinsic evidence, if necessary to show what issues were tried and determined in that suit; and as pertinent evidence upon that point the charge of the court to the jury is admissible.

Argued January 24—decided March 5th, 1902.

ACTION to set aside a deed of real estate and to recover the rents and profits thereof, brought to the Superior Court in New Haven County and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants for alleged errors in the rulings and findings of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*John Elliott,* for the appellants (defendants).

*Charles S. Hamilton* and *Carlos H. Storrs,* for the appellee (plaintiff).

TORRANCE, C. J. This is an action by the administrator of Lucius Russell to remove a cloud from the title of certain land, to get possession of the land, and to recover mesne profits. The cloud upon the title sought to be removed consists of a recorded deed purporting to be from Russell in his lifetime to the defendants. The plaintiff claims, among other things, that said deed was never delivered to the defendants by Russell in his lifetime, and was never intended by him to be so delivered, and therefore that the land belonged to Russell when he died and now belongs to his estate. The de-

fendants claim that the deed was duly delivered in Russell's lifetime and that they now own the land. The main contest between the parties in the trial below was upon this point of delivery of the deed in question to the defendants. Prior to the bringing of this suit the present plaintiff, as administrator of Russell, brought a suit against the present defendants for the recovery of the same land now sought to be recovered, and for mesne profits. That prior suit was tried to the jury, and a verdict and judgment therein were rendered against the present plaintiff and in favor of the present defendants. Immediately after the judgment aforesaid was rendered against him, the present plaintiff brought the present suit against the defendants.

As one of the defenses to the present action the defendants set up, as a bar thereto, the said former judgment, claiming that the question of title to the land, and of the delivery of the deed, in issue in the present case, had been in issue in the former case, and had been adjudicated in favor of the defendants. Under this defense the defendants had the right to show, if they could, that the issues in the present case, as to the title of the land, and the delivery of the deed, were issues in the former case, and to do this by the production of the record in that case, supplemented, if necessary, by any appropriate extrinsic evidence. *Supples* v. *Cannon,* 44 Conn. 424. The trial court held, and as we think correctly, that the record in the former suit was of such a nature that it might be supplemented by extrinsic evidence, in order to show the issues that were involved in that suit. As part of their evidence bearing upon this point, the defendants offered the charge of the judge to the jury in the former case, and the court excluded it.

In this we think the court erred. Under the pleadings in the former case, the delivery of the deed and the title to the land, two of the questions in the present case, could have been tried and determined. Whether they had been so tried and determined could not be ascertained from the pleadings, the verdict, nor the judgment, in the former suit, alone. The charge of the court to the jury, given in the presence of the

parties, would ordinarily show—and we assume in this case, in the absence of any objection on that ground, that the charge excluded did show—just what questions or issues were submitted to the jury for their determination. It was the duty of the court to instruct the jury properly as to this matter, and doubtless the court performed that duty. Although the charge to the jury may not be, for all purposes, a part of what is known, at common law, technically, as the record, it is now by statute, as taken down by the official stenographer, made a part of the official record in a cause ; General Statutes, §§ 765, 766 ; and as such we think it is just as admissible, for the purpose it was offered for in the present case, as the pleadings, or the judgment, or any other part of what is technically known as the record. Upon the facts in the present case the charge excluded does not come within the principle applied in *Buckingham's Appeal*, 60 Conn. 143–160.

In this view of the case it is unnecessary to consider the other assignments of error.

There is error and a new trial is granted.

In this opinion the other judges concurred.