CARLOS H. STORRS, ADMINISTRATOR, *vs.* WILLIAM T.
ROBINSON ET UX.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

In support of a plea of *res judicata* the defendant may supplement
the record in the former case by appropriate extrinsic evidence
showing that the material facts now in issue were also in issue in
that case and were determined in his favor. For this purpose the
file in the former case and the judge's charge to the jury are ad-
missible.

The evidence in the present case reviewed and *held* to support the plea
of *res judicata.*

Argued June 16th—decided August 12th, 1904.

ACTION to set aside a conveyance of real estate by the
plaintiff's testator, and to recover possession and mesne
profits, brought to and tried by the Superior Court in New
Haven County, *Case, J.;* facts found and judgment ren-
dered for the plaintiff, and appeal by the defendants. *Er-
ror, judgment set aside and cause remanded.*

*A. Heaton Robertson,* for the appellants (defendants).

*Charles S. Hamilton* and *Carlos H. Storrs,* for the appel-
lee (plaintiff).

TORRANCE, C. J. This case was before this court at a
former term (*Storrs* v. *Robinson,* 74 Conn. 566), and the
new trial then ordered resulted in the judgment from which
the present appeal is taken.

The plaintiff sues as the administrator with the will an-
nexed, of Lucius Russell, while one of the defendants is a
daughter of Russell and the other defendant is her hus-
band. The suit is brought to recover possession of two
pieces of land now standing of record in the name of the
defendant Mrs. Robinson, with damages in the shape of
mesne profits, and to have a cloud removed from the title

to said land. As one of their defenses in the present case, the defendants set up the existence of a former judgment in their favor, rendered in an action at law between themselves and the present plaintiff, concerning these same two pieces of land and the right to the possession thereof. The trial court held that the former judgment was not a bar to the present suit, and that it did not estop the plaintiff from proving, in this case, certain controlling facts which the defendants claimed were in issue, and were determined in their favor, in the former case. Whether the trial court erred in so holding is substantially the only question upon this appeal.

The main facts out of which grows the controversy between these parties concerning these two pieces of land are few and simple : In August, 1893, Russell, then in full life, owned and was in possession of the land, and he remained in possession up to the time of his death in March, 1895. On the 15th of August, 1893, Russell caused to be drawn up and duly executed a deed of conveyance of said two pieces of land to his daughter, the defendant Mrs. Robinson, reserving to himself the life use of said land. It is upon the question whether this is a valid deed of conveyance that the whole controversy as to this land hinges. The plaintiff contends, and alleges in his complaint, (1) that this deed was made by Russell to defraud his creditors, and (2) that it was never delivered save as a testamentary disposition of his property ; while the defendants contend that the deed was duly delivered by Russell in his lifetime to the grantee named therein, and that it was not made by the grantor to defraud his creditors. The trial court has not specifically and in terms found that the deed is void as to creditors because of fraud, but it has found that it never was delivered as a deed of conveyance ; and its judgment appears to rest upon that fact and not upon the other.

Now if these two facts concerning this deed, namely, fraud and nondelivery, were in issue, and were determined in favor of the defendants, in the former suit, then we think the trial court erred in permitting them to be again

litigated in this suit. "It is an established rule in the administration of justice, that all controversies between parties, once litigated and fully and impartially determined, shall cease; and to that end, that no fact involved in such litigated controversy, shown by the record to have been material to its determination, and to have been put in issue and decided, whether the proceeding was at law or in equity, shall again be litigated between the same parties." *Munson* v. *Munson*, 30 Conn. 425, 433; *Huntley* v. *Holt*, 59 id. 102; *Sargent & Co.* v. *New Haven Steamboat Co.*, 65 id. 116; *Wildman* v. *Wildman*, 70 id. 700. The complaint in the former suit alleged that the plaintiff as administrator *c. t. a.* of Russell, in April, 1898, "owned as such administrator and was possessed" of the two pieces of land in question; and that the defendants wrongfully entered upon said land and put him out and kept him out of possession thereof, taking the rents and profits to themselves. The defendants denied all the allegations of the complaint. The jury found the issues for the defendants.

In the present case the defendants were entitled to show by the record in the former case, supplemented by extrinsic evidence, that the two material facts aforesaid, in issue in the present case, were also in issue in the former case, and were determined in their favor. *Storrs* v. *Robinson*, 74 Conn. 566; *Supples* v. *Cannon*, 44 id. 424; *Huntley* v. *Holt*, 59 id. 102; *Perkins* v. *Brazos*, 66 id. 242. The extrinsic evidence offered and received for the above purpose consisted of the file in the former case, and the judge's charge to the jury in that case. That evidence is uncontradicted, and it clearly shows that two of the controlling questions at issue in that case were (1) whether the deed was void because made in fraud of creditors; (2) whether it had ever been delivered as a deed of conveyance. Those were practically the only two matters really in dispute in the case. If the deed was valid, the plaintiff in effect admitted that he had no case; while if it was invalid on either of the two grounds claimed by the plaintiff, the defendants in effect admitted that they had no case; and apparently the

evidence in the case was substantially confined to these two issues. From this evidence the plaintiff claimed to the jury, and asked the court to charge, that the deed was invalid both on account of fraud and for want of delivery; while the defendants claimed to the jury, and asked the court to charge, that no fraud had been proved and that a valid delivery had been proved. The court appears to have withdrawn from the consideration of the jury the question of fraud, on the ground that there was no evidence of fraud. The plaintiff apparently claimed that there was such evidence, but he took no appeal from the action of the court in not leaving the question of fraud to the jury. The other question was submitted to the jury in this way: "You have thus seen that I have left to you the single question of fact, was there a delivery of the deed of August 15th, 1893, to any person for the benefit of Mary J. Robinson, with an intent on the part of the grantor to convey the title to the demanded premises to her? If there was not such a delivery, the plaintiff is entitled to a verdict for the possession of the premises, with damages. If there was such a delivery of a deed the defendants are entitled to a verdict in their favor. . . . But keep your minds directly upon the one issue of fact to which I have called your attention, namely, was the deed of August 15th, 1893, delivered by Lucius Russell with the intention to convey the title therein to his daughter. If that deed was so delivered, she obtained the title, and she is entitled to a verdict at your hands; if it was not so delivered with the intention to convey the title to her, then the plaintiff is entitled to a verdict for the possession of the premises, and his damages."

When the former case was finally submitted to the jury it may with truth be said that the only real disputed fact in the case, left for them to determine, was the delivery or non-delivery of the deed; and in rendering a verdict for the defendants they must necessarily have found that the deed had been delivered as claimed by the defendants. Upon the record in this case we think that judgment should have been rendered for the defendants.

There is error, the judgment is set aside, and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.