SUSAN McCLEAVE *vs.* THE JOHN J. FLANAGAN COMPANY.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, J.

Argued February 4th—decided May 10th, 1932.

*Robert J. Woodruff,* with whom, on the brief, was *Louis Shafer,* for the appellant (plaintiff).

*John M. Chapnick,* for the appellee (defendant).

HAINES, J. The complaint is in two counts, the first being for the claimed breach of contracts to erect two houses for the plaintiff, alleging that after performing part of the work, the defendant abandoned them, and the second for breach of a contract to remodel the plaintiff's dwelling-house, alleging that after performance of part of the work, the defendant abandoned it, both breaches causing the plaintiff great loss. There was a general denial and then two special defenses: (1) that the defendant had previously brought three actions to foreclose mechanics' liens based on these same contracts; that the present plaintiff had made no defense and by stipulation of counsel, judgments had been entered in favor of the present defendant; and that these judgments were *res adjudicata* of every

issue raised in the present action; (2) another special defense making similar allegations and claiming that the plaintiff is estopped by the judgments rendered. After numerous pleadings, the plaintiff demurred to these special defenses on the grounds that it did not appear that the issues raised and decided in the former actions were the same as those now raised, or that the present issues were litigated or should have been litigated in those actions, or that the evidence required in the present action would have sustained the judgments in the previous actions. The court overruled the demurrer and this ruling is assigned as error.

The special defenses to which the demurrer was filed, referred to the previous cases only by the numbers they bore in the files of the Superior Court.

The Superior Court can take judicial notice of the files and records in another suit formerly pending in that court between the parties. *Hartford* v. *New York & N. E. R. Co.*, 59 Conn. 250, 253, 22 Atl. 37. Whether this court can likewise take judicial notice of the files and contents thereof in the Superior Court, is a question which has never, so far as we are aware, been specifically raised in this court.

"To take judicial notice is a function, and to apply it to the decision of causes a right, which appertains to every court of justice, from the lowest to the highest, and in the exercise of appellate no less than original jurisdiction." *Arthur* v. *Norfield Congregational Church*, 73 Conn. 718, 731, 49 Atl. 241; *Hygeia Distilled Water Co.* v. *Hygeia Ice Co.*, 70 Conn. 516, 535, 40 Atl. 534. "The true conception of what is judicially known is that of something which is not, or rather need not, unless the tribunal wishes it, be the subject of either evidence or argument,—something which is already in the court's possession, or at any rate is so accessible that there is no occasion to use any means

to make the court aware of it." *De Luca* v. *Park Commissioners,* 94 Conn. 7, 10, 107 Atl. 611; *State* v. *Main,* 69 Conn. 123, ·136, 37 Atl. 80. " 'The doctrine of judicial notice is not a hard and fast one. It is modified by judicial discretion. . . . Courts are not bound to take judicial notice of matters of fact. Whether they will do so or not depends on the nature of the subject, the issue involved and the apparent justice of the case.' " *De Luca* v. *Park Commissioners, supra,* p. 10; *St. Louis* v. *Niehaus,* 236 Mo. 8, 16, 139 S. W. 450, 452. We have no hesitation in holding that the files of the Superior Court may be the subject of judicial notice by this court, in its discretion. These files were admissible evidence in support of the claims of *res adjudicata* and estoppel by judgment. *Storrs* v. *Robinson,* 74 Conn. 566, 567, 51 Atl. 516, 77 Conn. 207, 209, 58 Atl. 746; *Huntley* v. *Holt,* 59 Conn. 102, 105, 106, 22 Atl. 34.

Such an examination of the files in the foreclosure actions in the Superior Court for New Haven County, Nos. 33631-3 discloses that, *mutatis mutandis,* the claims made and issues joined in each of them were the same. The allegations of the complaints were, in effect, that the company had furnished materials and rendered services in the construction of the two houses and the remodeling of another, under contract with the owner; that the contract price was $9000 for each of the two new houses payable in three equal instalments of $3000 each as certain stages of the work were reached, and $2700 for remodelling the third house; that the company performed the work until the 26th day of May when it ceased work for the reason that the owner had defaulted on the entire contract in each case, by notice to the company that she could not perform any part of her undertaking, and in fact had not done so.

Although payments required from the owner were to be, in part, in instalments, these were not divisible but entire contracts. Where the contract provides a certain sum for the work as a whole, the contract is regarded as entire, and it will not be rendered divisible by the fact that the compensation is payable in instalments—as where the work reaches certain stages of completion. *Butterfield* v. *Byron,* 153 Mass. 517, 27 N. E. 667; *American Surety Co.* v. *Fidelity Trust Co.,* 179 Fed. 699; 9 C. J. p. 713.

The right of the company in such a case, to the payment of each instalment, would be dependent upon its performance of or readiness to perform, the contract as a whole. In the present situation, the allegation of the company that it had ceased work, was in legal effect an allegation of its breach of the entire contract, and would in itself have prevented a recovery save for the further allegation that it had ceased work only for the reason that the owner had refused to pay anything on her contract. If the latter allegation was sustainable, that was a repudiation of her contract by the owner and the company was excused from further performance, and was entitled to recover for the work already performed. *Tracy* v. *O'Neill,* 103 Conn. 693, 699, 131 Atl. 714; *Romanoff* v. *DeSanto,* 101 Conn. 504, 511, 126 Atl. 694; *Shopper Publishing Co.* v. *Skat Co.,* 90 Conn. 317, 322, 97 Atl. 317; *Wetkopsky* v. *New Haven Gas Light Co.,* 90 Conn. 286, 291, 96 Atl. 950; *Churchill Grain & Seed Co.* v. *Newton,* 88 Conn. 130, 133, 134, 89 Atl. 1112; *Valente* v. *Weinberg,* 80 Conn. 134, 135, 67 Atl. 369; *Roehm* v. *Horst,* 178 U. S. 1, 8, 20 Sup. Ct. 780; *The Eliza Lines,* 199 U. S. 119, 126, 127, 26 Sup. Ct. 8. Under these circumstances, it became essential to recovery that responsibility for the breach be decided, and the judgment necessarily concludes the parties on that issue. That judgment recites that

it "finds all the allegations in the complaint true," and thus it was judicially determined that the act of the owner excused the company from further performance. Since the judgment in the foreclosure cases puts the responsibility for the breach squarely upon the owner and excuses the company, the owner is now estopped to deny it and claim in the present action that the company is liable in damages for breach on its part. It brings the case within the explicit terms of our decision in the case of *Sargent & Co.* v. *New Haven Steamboat Co.,* 65 Conn. 116, 126, 31 Atl. 543, where we said, quoting from *Washington Packet Co.* v. *Sickles,* 72 U. S. (5 Wall.) 580, 592: "To render the judgment conclusive it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried and determined; that is, that the verdict in the suit could not have been rendered without deciding that matter; or it must be shown by extrinsic evidence, consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter." Our decisions prior to and since that time have been in accord with this view. *Supples v. Cannon,* 44 Conn. 424 (Reporter's Note, p. 432); *Huntley* v. *Holt,* 59 Conn. 102, 106, 107, 22 Atl. 34; *Wildman* v. *Wildman,* 70 Conn. 700, 707, 39 Atl. 599; *Scott* v. *Scott,* 83 Conn. 634, 638, 639, 78 Atl. 314; *Thomas' Appeal,* 85 Conn. 50, 53, 81 Atl. 972; *Ruocco* v. *Logiocco,* 104 Conn. 585, 592, 593, 134 Atl. 73; *Spencer* v. *Mack,* 112 Conn. 17, 24, 151 Atl. 309.

The issues raised in the actions brought for a new trial, as shown in the files of the Superior Court for New Haven County, Nos. 35414, 35415 and 35416, were not calculated to and did not determine in any way the rights or liabilities of the parties under the contracts. They were addressed to the discretion of

the court, and in the exercise of that discretion, the court held that the plaintiff had not established a right to a new trial on the grounds enumerated in the statute under which the actions were brought. General Statutes, § 5701.

The conclusion we have reached upon the demurrer renders it unnecessary to consider other assignments.

There is no error.

In this opinion the other judges concurred.