DAVENPORT *against* BRADLEY.

A judgment in a personal action for a greater sum than that demanded in
the declaration, is erroneous.

A *remittitur* of damages cannot be made after the term in which judgment
was rendered.

On the reversal of a judgment for greater damages than the sum demanded
in the declaration, this court will remand the cause to the court below,
not to be tried again on the merits, but that the damages may be legally
assessed.

This was an action of ejectment, brought by *Bradley* against
*Davenport*, demanding 300 dollars damages. The defend-
ant was defaulted ; and was afterwards heard in damages.
The court assessed the damages at 600 dollars ; and rendered
judgment for that sum against the defendant. To reverse
that judgment the present writ of error was brought.

The defendant in error pleaded, That the said judgment
ought not to be reversed, because immediately after the ren-
dering of said judgment he, on the files and record of said
cause, remitted the sum of 300 dollars, being part of the dam-

*New Haven,*
*July,*
*1822.*

*Davenport*
*v.*
*Bradley.*

ages assessed in said cause, and thereby reduced his damages to the sum of 300 dollars; and on said files and record he made an entry in the following words, *viz.* " And now the plaintiff, after the rendering of the aforesaid judgment, remits so much of the damages assessed in this cause as to reduce the damages to the sum of 300 dollars, that is to say, the plaintiff remits the sum of 300 dollars, part of the damages found in this cause.

*Nathan Smith* for the plaintiff."

The plaintiff in error demurred specially to this plea, because the defendant in error did not aver therein, that he remitted the sum of 300 dollars, part of the damages assessed, during the term of the court in which said damages were assessed, and said judgment was rendered; or that he remitted said damages, at any time before this writ of error was brought.

*Wales,* in support of the demurrer, contended, 1. That a *remittitur* cannot be entered after the term in which the judgment was rendered. 2 *Tidd's Prac.* 806. *Wray* v. *Lister,* 2 *Stra.* 1110. S. C. *Andr.* 384. 2 *Bac. Abr.* 267. (*Gwil.* ed.)

2. That a judgment in a personal action, for greater damages than the amount demanded in the declaration, is erroneous. *Cheveley* v. *Morris,* 2 *Bla. Rep.* 1300. *Sandiford* v. *Bean,* cited 2 *Bac. Abr.* 267. (*Gwil.* ed.)

*N. Smith,* contra, contended, 1. That the facts stated in the plea shew, that the judgment is reduced, by operation of law, to 300 dollars, the sum demanded; and no injury can be sustained, by the plaintiff in error. The clerk will never issue execution against him for more than 300 dollars. He now stands on as good ground as though the judgment had been, originally, for that sum only. As this is merely a matter of practice in our own courts; that course, which will do perfect justice, and is, at the same time, the most convenient, will be adopted.

2. That if the judgment is erroneous, it may be reversed, as to the excess beyond the sum demanded, and affirmed, as to the residue. *Dixon* v. *Pierce,* 1 *Root* 138. The court can see what the vicious part is; and may take that off; but why should they reverse the judgment as to the residue?

3. That if the court should reverse the judgment wholly, they will still proceed to render the same judgment which the court below ought to have rendered. Why should

they send the cause back ? The original plaintiff can never recover but 300 dollars. The merits of the cause have been tried ; and he has been adjudged entitled to all that sum.

New-Haven,
July,
1822.

Davenport
v.
Bradley.

*Wales*, in reply, remarked, 1. That the judgment is the act of the court : a *remittitur* is the act of the party. Now, a party can never, by his own act, without the concurrence of the court, make a bad judgment good ; especially, after writ of error brought. The judgement, notwithstanding the subsequent *remittitur* of the party, remains as it was.

2. That the judgment in this case being *entire*, it cannot be reversed in part, and affirmed for the residue. 2 *Tidd's Prac.* 1128. *Lampen* v. *Hatch*, 2 *Stra.* 934. 2 *Bac. Abr.* 500. (*Gwil.* ed.)

Hosmer, Ch. J. In personal actions, the plaintiff can recover no more than he has demanded ; and the judgment below is undoubtedly erroneous. A *remittitur* of the surplus beyond the demand, cannot be made after judgment ; nor in a term subsequent to that, in which the judgment was entered. 2 *Tidd's Prac.* 806. *Wray* v. *Leister*, 2 *Stra.* 1110. *Chevely* v. *Morris*, 2 *Bla. Rep.* 1300.

The judgment below must be reversed ; and according to the established practice of this court, in similar cases, the cause remanded, that the damages may be legally assessed. The reversal will not open the cause below, beyond the exigencies of justice ; and, as was said, in *Gleason* v. *Chester*, 1 *Day* 152. it will " be retrospective so far, and so far only, as the proceedings on the record, appear to have been impugned, by the judgment of reversal." When there exists an error in the assessment of damages only, it is entirely incompatible with justice, that the previous proceedings in the cause should be set aside. So far as they are legal, they must be permitted to remain. It follows, that the effect of the reversal must be limited to the assessment of damages, and not be suffered, by retrospection, to vacate any part of the anterior proceedings, in respect of which there has been, and can be, no complaint.

The other Judges were of the same opinion.

Judgment reversed ; and
The cause remanded.