Herbert *v.* Hardenbergh.

OBADIAH HERBERT *against* JACOB R. HARDENBERGH.

Though a writ of error has been brought, and one of the errors assigned for the reversal of the judgment, is the excess of the judgment over the sum demanded in the declaration, this court will allow the party in whose favor the judgment is, to amend the record, by entering a remittitur of the surplus, and a judgment for the amount mentioned in the declaration.

*Wood* for the plaintiff.

*C. L. Hardenbergh* for the defendant.

The Chief Justice delivered the opinion of the court.

In this action, which was in assumpsit for goods sold and delivered, &c., and which had been depending for several years, a verdict, at the Middlesex December Circuit, 1826, was rendered for the plaintiff for a sum exceeding the amount of damages laid in the declaration. Judgment having been accordingly entered, a writ of error was brought, and in the Court of Appeals, errors were assigned upon the matters contained in a bill of exceptions taken on the trial, and on the excess of the judgment beyond the amount demanded. Afterwards, in May term last, the plaintiff moved this court for leave to amend, by the entry of a remittitur of the surplus, and to have judgment for the amount mentioned in the declaration. The counsel of the parties were heard upon the motion. At the instance of the defendant's counsel, who desired to be farther heard, the court have until now suspended their opinion.

The doctrine of amendments has not at all times maintained an entire uniformity. Greater and less degrees of strictness have prevailed at different periods. In modern times, a laudable liberality has inclined the courts to the allowance of amendments intended to advance the interests

Herbert *v.* Hardenbergh.

of justice, and to prevent the rights of parties from being defeated or lost by errors which do not affect the merits of the cause. Cases are to be found in the books, the leading ones will be noticed hereafter, in which applications, not unlike the present, have been refused; but there are others which, in fact as well as in principle, not only warrant, but. require us, to allow the amendments now sought.

In the late case of *Usher* v. *Dansey,* 4 *M.* and *S.* 94, the subject was examined at large in the Court of King's Bench. It was an action of assumpsit on a bill of exchange, the damages were laid at £1630. A verdict was found and judgment rendered for £1685. A writ of error was brought to the House of Lords. An assignment of errors and joinder were filed. Then the plaintiffs moved the Court of King's Bench for liberty to amend the judgment roll, by entering a remittitur of £55, and to have judgment for the residue, and also to amend the transcript on payment of costs in error. The amendment was ordered by the court. *Lord Ellenborough,* in delivering his opinion, went into a review of the cases. He said there are two express authorities for allowing this amendment. *Hardy* v. *Cathcart, Marsh. Rep.* 180, and *Pickwood* v. *Wright,* 1 *H. B.* 643. *Hardy* v. *Cathcart* was a penal action, and the jury found for the plaintiff with one shilling damages, which could not lawfully be, because damages cannot be given for the detention of the debt, in a penal action. Judgment having been entered for damages, error was brought for that cause, and on application to the Court of C. P. for leave to amend the judgment by entering a remittitur of the damages, the court, after a review of the precedents, thought itself at liberty to make the amendment. The other case I shall state hereafter from the reporter. *Lord Ellenborough* farther remarks : " Certainly this has been considered in former cases as the misprision of the clerk. In *Owen* 45, the plaintiff laid his damages at £20, the jury gave £30, and by the court the plaintiff shall recover no more than he has declared for, and this ought to

be done of course by the clerks," and for this position, 2 *Hen.* 6, 7, 8 *Hen.* 6, 4, and 42, *Ed.* 3, 7, are cited. He concludes by saying : " Without determining whether this may be treated as *vitium clerici*, which, however, seems to have been the opinion in *Hardy* v. *Cathcart*, or whether it falls within the scope of the court's general authority to amend, as in *Pickwood* v. *Wright*, it appears from that case that the court has authority to amend such errors as this after the term of the judgment." The case of *Pickwood* v. *Wright* is in substance as follows : In assumpsit the damages laid in the declaration were £600; the verdict was for £611, and the judgment accordingly. After a writ of error was brought, a rule to shew cause why a remittitur should not be entered was taken in the Court of C. B. It was opposed as too late after judgment signed, and writ of error brought. But the court thought it was reasonable to allow the amendment, and, therefore, made the rule absolute on payment of the costs of the writ of error. This amendment was made in a term subsequent to the judgment, the former being of Trinity, the latter of Easter term preceding. In *Rees* v. *Morgan*, 3 *T. R.* 530, upon error to the great sessions at *Glamorgan*, the defendant in replevin made cognizance for rent in arrear, and the jury found a verdict for him, and damages to the amount of the rent claimed in his cognizance, without finding either the amount of the rent in arrear, or the value of the cattle distrained ; and the judgment was entered for the damages assessed. After writ of error brought and errors assigned, the Court of King's Bench permitted the defendant in error to amend his judgment, and to enter a judgment *pro retorno habendo*. In *Petrie* and another, *Executors* v. *Hannay*, 3 *T. R.* 659, an action for money paid by the plaintiffs as executors, and also for money paid by the testator to the use of the defendant, for money had and received by the defendant to the use of the plaintiffs as executors, and for money had and received to the use of the testator, in separate counts, to which there were two

pleas, the general issue and the statute of limitations, a verdict was found for the plaintiffs, generally on the first issue, and no notice taken of the last. The defendant brought a writ of error in the *House of Lords* on two grounds : that no verdict was given on the second plea, and that the two separate demands could not be joined in one action. There was a joinder in error, and a day appointed for the argument in the *House of Lords.* The plaintiffs then moved the Court of King's Bench for liberty to amend according to the judge's notes, by adding a verdict for them on the second plea, and by entering the verdict on the counts for money paid by the executors and had and received to their use. It was opposed as too late, for the plaintiffs themselves had joined in error. But the court ordered the amendment to be made, and justice *Buller* said such amendments had been frequently permitted. In *Short* v. *Coffin*, 5 *Burr.* 2730, the Court of King's Bench ordered a judgment against an executor *de bonis propriis* to be amended by making it *de bonis testatoris si et si non,* etc., after a writ of error had been brought, and an argument had in the Exchequer Chamber. In *Friend* v. *Duke of Richmond, Hadr.* 505, after error brought an amendment was moved. But as it appeared the record had not been certified, the plaintiff was at liberty to fill up the blank left for the costs. *Ch. Baron Hale* said : " If such an imperfect record had been certified, yet it might be amended by rule of court here; and then if it be removed by error, the court there must amend it. For it is the constant practice, that if a record be removed into the K. B. out of the C. B. by writ of error, and afterwards amended by rule of court in the C. B. the Court of K. B. must amend it accordingly." In *Richardson* v. *Mellish*, 3 *Bingham* 334, C. B. a general verdict was given on a declaration, some of the counts of which were bad. After argument in error in the K. B. the C. B. amended the postea and entered the judgment on a single count. *Best, Chief Justice*, said : " There are authorities for our amending the postea after argument in a Court

of Error. It is never too late to do on proper terms, what is necessary to be done to prevent injustice. Such amendments [verdicts amended by the judge's notes] have been made after judgment in many cases." *Park, Justice,* said : " If the court did not make this amendment they would be defeating the due administration of justice instead of advancing it." *Gaselee, Justice,* said : " It did not appear to him to be material, whether the error be the misprision of the clerk, or of the attorney who takes the verdict."

The leading cases in the English books, in opposition to the amendment, are *Wray* v. *Lister,* 2 *Str.* 1110, and *Chevely* v. *Morris,* 2 *W. B.* 1300. In the former, after error brought, the plaintiff moved to remit the surplus, and enter judgment for the damages demanded only. One justice was in favor of doing it, but the others held it could not be done in another term. In *Chevely* v. *Morris,* after error assigned that the damages found by the jury, and for which judgment was rendered, exceeded the declaration, the *King's Bench* was moved to amend the record ; but it being out of time, " and the plaintiff having acted oppressively in suing out execution and taking the defendant's books, who was a gentleman at the bar, in a very insolent and invidious manner," the court refused the motion. The weight of the first of these cases is lessened by the division of the court, and of the other, at least as a general rule, because one ground on which the amendment was refused, was the oppressive use the plaintiff had made of the execution.

In 10 *Mass. Rep.* 252, the following case is mentioned. On a trial in that court a few years previously a verdict was rendered for a plaintiff, for a sum greater than the damages demanded in his writ. The error was not perceived, and no remittitur of the excess was entered at the time. Afterwards, and after a writ of error brought for this cause, the court permitted an amendment of the record by the original plaintiff's entering a remittitur. In *Davenport* v. *Bradley,* 4 *Conn. Rep.* 309, judgment had been rendered beyond the

amount demanded; no application to amend was made, but the plaintiff entered a remittitur of his own act after judgment. The Supreme Court of Errors said the judgment below was undoubtedly erroneous; that a remittitur of the surplus could not be made after judgment, nor in a term subsequent to that in which the judgment was entered; that the judgment below must be reversed, and according to the established practice of the court in similar cases, the cause remanded that the damages might be legally assessed. The reversal would not open the cause below beyond the exigency of justice. The effect of the reversal must be limited to the assessment of damages, and not be suffered by retrospection to vacate any part of the anterior proceedings, in respect of which there had been and could be no complaint. In *Coster* v. *Phenix*, 7 *Cowen* 524, on error to the C. P. of New York, one error assigned was, that the plaintiff below took judgment on a declaration containing a count on a promissory note, with money counts, without entering a *nolle prosequi* as to the latter. After assignment of errors, it was moved to amend, by now entering a *nolle prosequi* as to the money counts, and it was allowed on payment of the costs of the motion and of the writ of error.

In this court the cases of *Probasco* v. *Probasco*, and of *Dewey and wife* v. *Ten Eyck*, have occurred. In the former after twenty years, the name of the plaintiff, George, was amended in the judgment to Garret, which was used in the declaration and plea. *Dewey and wife* v. *Ten Eyck*, was an action of dower. The verdict was for the demandants on the issue, and found the annual value and damages. On the return of the *postea*, the usual rule for judgment on the *postea* was taken and entered on the minutes. In the record of the judgment, the judgment of *seisin* was omitted and judgment was entered for the annual value and damages. After writ of error brought, and joinder in error and notice of argument, this court amended the record by ordering a judgment of *seisin* to be added.

Herbert *v.* Hardenbergh.

From a careful review of precedents and principles, I am well satisfied the amendment applied for ought to ·be allowed, and the result will, I think, be ·approved by every impartial and reflecting mind. No one will insist that the slightest error in principle exists. Admitting that in other respects the judgment is sound, and if it be not, it will meet with its due fate in the Court of Appeals, why should it be lost ?. Why should all the expense and labor and delay be thrown away ? Why should the parties be subject to the inconvenience of another trial, merely that a verdict should be rendered for the amount in the declaration ? or rather indeed, for the same amount at which it now stands, for if the record were remitted after reversal, this court would not hesitate to amend the`declaration, if requested, by increasing the amount of damages demanded. Nor will the slightest injury be done to the defendant. If he thinks proper to discontinue the writ of error, the plaintiff here will be compelled to pay the costs of the writ, for without this condition the amendment will not be allowed. His ability to claim a reversal on his real grounds of complaint, will not be in the slightest degree impaired.· He may indeed be deprived of a certainty of reversal on the foot of this unforeseen slip; but of this deprivation, he is himself too just to feel the smallest regret.

In allowing the amendment on this occasion, we feel a satisfaction in the reflection that the defendant will, as the case stands, have an opportunity, if he thinks proper, to review our opinion in the Court of Appeals.

Let the amendment be made on condition that the plaintiff pay· the costs of this motion, and also of the writ of error, if the ·plaintiff in error thinks proper to discontinue the same.