The
Chief Justice
delivered the opinion of the Court,
In this “action, which was in assumpsit for goods sold and delivered, &2c. and which had been depending for several years, a verdict, at the Middlesex December Circuit 1826, was rendered for the plaintiff for a sum exceeding the amount of damages laid in the declaration. Judgment having been accordingly entered, a writ of error was brought, and in the Court of Appeals, errors were assigned upon the matters contained in a bill of exceptions taken on the trial, and on the excess of the judgment beyond the amount demanded. Afterwards, in May term last, the plaintiff moved this court for leave to amend, by the entry of a remittitur of the surplus, and to have judgment for the amount mentioned in the declaration. The counsel of the parties were beard upon the motion. At the instance of the defendant’s counsel, who desired to be farther heard, the court have until now suspended their opinion.
The doctrine of amendments has not at all times maintained an entire uniformity. Greater and less degrees of strictness have prevailed at different periods. In modern times, a laudable liberality has inclined the courts to the allowance of amendments intended to advance the interests of justice, and to prevent the rights of parties from being defeated or lost by errors which do not affect the merits of the cause. Cases are to be found in the "books, the leading ones will be noticed hereafter, in which applications, not unlike the present, have been refused; but there are others which, in fact as well as in principle, not only warrant, but require us, to allow the amendment now sought.
In the late case of Usher v. Dansey, 4 M. and S. 94, the subject was examined at large ia the Court of Kings Bench. It was *223 an action of assumpsit on a bill of exchange, the damages were laid at £1630. A verdict was found and judgment rendered for £1685. A writ of error was brought to the House of Lords. An assignment of errors and joinder were filed. Then the plain» tiffs moved the Court of King’s Bench, for liberty to amend the judgment roll,' by entering a remittitur of £55, and to have judgment for the residue, and’also to amend the transcript on payment of costs in error. The amendment was ordered by tho court. Lord Ellenborough, in delivering his opinion, went into a review of the cases. He said there are two express authorities for allowing this amendment. Hardy v. Cathcart, Marsh. Rep. 180, and Pickwood v. Wright, 1 B. B. 643. Hardy v. Cathcart was a penal action, and the jury found for the plaintiff with one shilling damages, which could not lawfully be, because damages cannot be givers for the detention of the debt in a penal action. Judgment having been entered for damages, error was brought for that cause, and on application to tho court of C. P, for leave to amend the judgment by entering a remittitur of tho damages, the court, after a review of the precedents, thought Itself at liberty to make the amendment. The other case I shall state hereafter from the reporter. Lord Ellenborough farther remarks 5et Certainly this has been considered in former cases as the misprision of the clerk, in Owen 4.5, the plaintiff laid bis damages at £20, the jury gave £39, and by the court the plaintiff shall recover no more than he has declared for, and this ought to be done of course by the clerks,” aod for this position, 2 Hen. 6, 7, 8 Hen. 6, 4, and 42, Ed. 3, 7, are cited. He concludes,by saying ; “ Without determining whether this may be treated as vitium elerics, which however seems to have boon the opinion in Hardy v. Cathcart, or whether it falls within the scope of the court’s general authority to amend, as in Pickwood v. Wright, it appears from that case that the court has authority to amend such errors as this after the term of the judgment.” Tho case of Pickwood v. Wright is in substance as follows % la assumpsit the damages laid in the declaration were £300 j th© verdict was for £611, and the judgment accordingly. After a writ oí error was brought, a rule to shew causa why a remittitur should not be entered was taken in the court of C. 1». St was opposed as too late after judgment signed, and writ of error brought. But the court thought: it was reasonable to süow the amendment., and *224 therefore made the rule absolute on payment of the costs of the writ of error. This amendment was made in a term subsequent to the judgment, the former being of Trinity, the latter of Easter term preceding. In Rees v. Morgan, 3 T. R. 530, upon error to the great sessions at Glamorgan, the defendant in replevin made cognizance for rent in arrear, and the jury found a verdict for him, and damages to the amount of the rent claimed in his cognizance, without finding either the amount of the rent in arrear, or the value of the cattle distrained ; and the judgment was entered for the damages assessed. After writ of error brought and errors assigned,.the Court of King’s Bench permitted the defendant in error to amend his judgment, and to enter a judgment pro retorno habendo. In Petrie and another, Executors v. Hannay, 3 T. R. 659, an action for money paid by the plaintiffs as executors, and also for money paid by the testator to the, use of the defendant, for money had and received by the defendant to the use of the plaintiffs as executors, and for money had and received to the use of the testator, in separate counts, to which there were two pleas, the general issue and the statute of limitations, a Verdict was found for the ptaintiffs, generally on the first issue, and no notice taken of the last. The defendant brought a writ of error jn the House of Lords on two grounds; that no verdict was given on the second plea, and that the two separate demands could not be joined in one action. There was a joinder in error, and a day appointed for the argument in the House of Lords. The plaintiffs then moved the Court of King’s Bench for liberty to amend according to the judges notes, by adding a verdict for them on the second plea, and by entering the verdict on the counts for money paid by the executors and had and received to their use. It was opposed as too late, for the plaintiffs themselves bad joined in error. But the court ordered the amendment to be made, and justice Buller said, such amendments had been frequently permitted. In Short v. Coffin, 5 Burr. 2730, the Court of King’s Bench ordered a judgment against an executor de bonis propriis to be amended by making it de bonis testaioris si et si non etc. after a writ of error had been brought, and an argument had in the Exchequer Chamber. In Friend v. Duke of Richmond, Hadr. 505, after error brought an amendment was moved. But as it appeared the record had not been certified, the plaintiff was at liberty to fill up the blank *225 left for the costs. Ch. Baron Hale said : “ If such an imperfect record had been certified, yet it might be amended by rule of court here j and then if it be removed by error, the court there must amend it. For it is the constant practice, that if a record he removed into the K. B. out of the C. B. by writ of error, and afterwards amended by rule of court in the C. B. the Court of K. B. must amend it accordingly.” In Richardson v. Mellish, 3 Bingham 334. C. B. a general verdict was given on a declaration, some of the counts of which were bad. After argument in error in the K. B. the C. B„ amended the postea and. entered the judgment on a single count. Best, Chief Justice, saicl3 “ There are authorities for our amending the postea after argument in a Court of Error. It is never too late to do on proper terms, what is necessary to be done to prevent injustice. Suds amendments [verdicts amended by the judge’s notes] have been made after judgment in many cases.” Park, Justice, said, “ IS.’ the court did not make this amendment they would be defeating the due administration of justice instead of advancing it.3S €raselee, Justice said: “ It did not appear to him to be material, whether the error be the misprision of the clerk, or of the attorney who takes the verdict.”
The leading cases in the English hooks, in opposition to the amendment, are Wray v. Lister, 2 Str. 1210, and Chevely v. Morris, 2 W. B. 1300. In the former, after error brought, the plaintiiF moved to remit the sus’plus, and enter judgment for the damages demanded only. One justice was in favor of doing it, but the others held it could not be done in another term. In Chevely v. Morris, after error assigned that the damages found fey the jury, and for which judgment was rendered, exceeded the declaration, the Kings Bench was moved to amend the record 5 but it being out of time, “and the plaintiiF having acted oppressively in suing out execution and taking the defendant’s books, who was a gentleman at the bar, in a very insolent and invidious manner,” the court refused the motion. The weight of the first of these cases fa lessened by the division of the court and of the other, at least as a general rule, because one ground on which the amendment was refused, was the oppressive use the plaintiff had made of the execution.
In 10 Mass. Rep. 252, the following case is mentioned. G0 a trial in that etrart a few years previously a verdict was render *226 ed for a plaintiff, for a sum greater than the damages demanded in his writ. The error was not perceived, and no remittitur of l^e excess was entered- at the time. Afterwards, and after a writ of error brought for this cause, the court permitted an apiendment of the record by the original plaintiff’s entering a renffttitur. In Davenport v. Bradley, 4 Conn. Rep. 309, judgment had been rendered beyond the amount demanded; no application to amend was made, but the plaintiff entered a remittitur of his own act after judgment. The Supreme Court of Errors said the judgment below was undoubtedly ^.erroneous; that a remittituir of the surplus could not be made after judgment, nor in a term subsequent to hat in which the judgment was entered j that the judgment below must be reversed, and according to the established practice of the court in similar cases, the cause remanded that the damages might be legally assessed; The reversal would not open the cause below beyond the exigency of justice. The effect of the reversal must be limited to the assessment of damages, and not be suffered by retrospection to vacate any part of the anterior proceedings, in respect of which there had been and could be no complaint. In Coster v. Phenix, 7 Cowen 524, on error to the C. P. of New-York, one error assigned was, that the plaintiff below took judgment on a declaration containing a count on a promissory note, with money counis, without entering a nolle prosequi as to the latter. After assignment of errors, it was moved to amend, by now entering a nolle prosequi as to the money counts, and it was allowed on payment of the costs of the motion and of the writ of error.
In this court the cases of Probasco v Probasco and of Dewey and wife v. Ten Eyck have occurred. In the former after twenty-years, the name of the plaintiff, George, was amended in the judgment to, Garret, which was used in the declaration and plea. Dewey and wife v. Ten Eyck, was an action of dower. The verdict was for the demandants on the issue, and found the annual value and damages. On the return of the postea, the usual rule for judgment on the postea was taken and entered on the minutes. In the record of the judgment, the judgment of seisin was omitted and judgment was entered for the annual value and damages. After writ of error brought, and joinder in error and notice of argument, this court amended the record by ordering a judgment of seisin to be added.
*227 l' x'ofü a careful review of precedents and principies, I am well satisfied the amendment applie,d for ought to be allowed, and the result will, I think, be approved by every impartial and refecting mind. No one will insist that the slightest error in principle exists. Admitting that in other respects the judgment is sound, and if it be not, it will meet with its due Fate in the Court of Appeals, why should it be losr f why should all the expense and labor and delay be thrown away ? why should the parties be subject to the inconvenience of another trial, merely that a verdict should be rendered for the amount in the declaration ? or rather indeed, for the same amount at which it notv stands, for if the record were remitted after reversal, this court would not hesitate to amend the declaration, if requested, by increasing ■•he amount of damages demanded. Nor will the slightest injury be done to the defendant. If he thinks proper to discontinue the writ of error, the plaintiff here will be compelled to pay the costs of the writ, for without this condition the amendment will not be allowed. His ability to claim a reversal on his real grounds of complaint, will not be in the slightest degree impaired. He may indeed be deprived of a certainty of reversal on the foot of this unforeseen slip ; but of this deprivation, he is himself too just to feel the smallest regret.
In allowing the amendment on this occasion, we feel a satisfaction in the reflection that the defendant will; as the case stands, have an opportunity, if he thinks proper, to review our opinion in the Court of Appeals.
Let the amendment be made on condition that the plaintiff pay the costs oí this motion, and also of the writ of error, if the plaintiff in error thinks proper to dicontinrae the- sanie.