THE BIRKERY MANUFACTURING COMPANY ET AL. *vs.*
OWEN H. JONES.

*Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

The defendant, an inventor who owned three patents for improvements in valves, assigned them to the plaintiff corporation, which was formed for the purpose of making and selling valves and plumbers' supplies. He also agreed that if during the life of the corporation he should discover or invent any other or further improvement in the improvements specified in said letters patent, " or any invention or improvement in any other article which said corporation is engaged in manufacturing," he would assign the same to said corporation. Subsequently he invented and patented an improvement in a ball-cock valve, so-called, a valve which the plaintiff corporation was organized to make and was then manufacturing. *Held* that under the clause of his contract above quoted, the defendant was bound to assign such patent to the plaintiff corporation, without regard to whether such invention was or was not a further improvement upon the improvements specified in the original patents.

Argued June 17th—decided July 26th, 1898.

SUIT to compel the specific performance of an agreement to assign certain patented improvements, and for damages, brought to the Superior Court in Hartford County and referred to a committee by whom the facts were found and reported; the court, *Shumway, J.*, accepted the report of the committee and rendered judgment for the defendant, and the plaintiffs appealed for alleged errors in the rulings of the court. *Error and judgment reversed.*

· *Transferred from the first judicial district.
VOL. LXXI—8

The plaintiffs are the Birkery Manufacturing Company, a corporation duly organized under the laws of this State and located in the town of Hartford, and Thomas Standish and Cornelius Birkery. The material parts of the complaint are as follows: "1. On or about the 11th day of March, A. D. 1892, plaintiff Standish, as party of the first part, and plaintiff Birkery and defendant, parties of the second part, made and executed a certain agreement in writing, a copy of which is hereto annexed marked Exhibit A and made a part of this paragraph. 2. On the 1st day of July, 1892, all the right, title and interest of said plaintiff Standish and the said plaintiff Birkery in and to the promises, covenants and agreements of said Exhibit A, were assigned by said plaintiffs Standish and Birkery to the plaintiff, The Birkery Manufacturing Company, and said plaintiff, The Birkery Manufacturing Company, is now the assignee and equitable and *bona fide* owner of said right, title and interest of said plaintiffs Standish and Birkery under said Exhibit A and to the promises, covenants and agreements stated therein. 3. All the conditions, promises and covenants of said agreement to be performed on the part of said plaintiffs Standish and Birkery have been fully performed. Plaintiff Standish furnished $3,000 of the cash capital of said plaintiff corporation, and thereafter said plaintiff, The Birkery Manufacturing Company, was incorporated under the articles of association mentioned in said Exhibit A, with a capital stock of $15,000, divided into three hundred shares of $50 each, and a certificate authorizing said corporation to do business was obtained on the filing of said articles of association in the proper offices, on the 4th day of April, 1892. 4. Plaintiff Birkery duly assigned to said plaintiff corporation all his interest in and to the inventions described in the drawings and specifications of United States letters patents Nos. 423,118, 428,199, and 476,511 (the third invention mentioned in the first recital of Exhibit A), and the rights secured thereby. And thereafter plaintiff, The Birkery Manufacturing Company, continued to do business under said articles, manufacturing and selling valves and parts of valves, plumbers' supplies,

water-tanks and connections to and for the same, which had then been invented and patented as above set forth by said plaintiff Birkery and assigned to plaintiff, The Birkery Manufacturing Company, under the terms of said Exhibit A, as hereinbefore stated. 5. Defendant was a subscriber to the original articles of said plaintiff corporation upon its organization, and became the owner of one hundred shares thereof. Said defendant was, upon the first organization of the company, elected a director and manager thereof, and he continued in such office and as stockholder of said company thereafter until on or about December 31st, 1894. 6. Plaintiff Birkery, since the organization of the company, invented from time to time and secured United States letters patent for numerous devices connected with and appurtenant to valves, plumbers' supplies, water-tanks, etc., and likewise from time to time assigned the same to said plaintiff corporation for no other and new consideration than the mutual promises, conditions and covenants of said Exhibit A. 7. Plaintiff corporation has made and sold, and is now making and selling, devices and machines manufactured under rights and privileges secured to said plaintiff corporation by said letters patent and the assignment thereof, and has established a profitable and successful business in making and selling said devices and machines. 8. On or about the 20th day of May, 1895, defendant invented a certain new and useful improvement in ball-cocks, and United States letters patent were issued to said defendant therefor, numbered 564,249, and dated July 21st, 1896, which said invention is fully described in specifications and drawings forming part of said letters patent, a copy of which said specifications, drawings, and claims is hereto annexed, marked Exhibit B. 9. Said invention described in said Exhibit B was and is another and further improvement in the said improvements specified in said letters patent issuing and pending, mentioned in said Exhibit A, and is an invention or an improvement in an article which said corporation is now engaged in manufacturing. 10. Said defendant, although often demanded, has not assigned and refuses to assign said invention described in

Exhibit A to the plaintiff, the Birkery Manufacturing Company, and defendant is threatening to assign and is about to assign said invention to parties other than plaintiff, The Birkery Manufacturing Company. 11. Damages, even if recovered by the plaintiff, for the violation by defendant of the covenants, promises and agreements to assign said invention to plaintiff corporation mentioned in Exhibit A, would not compensate plaintiffs for the said violation, but plaintiff would suffer an irreparable damage by reason of the wrongful refusal by defendant in the covenants, promise and agreement. 12. The defendant has no substantial responsibility, so that a judgment in an action for damages for said violation of said agreement, even if recovered by plaintiffs against defendant, would realize nothing to plaintiffs on execution."

The agreement, Exhibit A, made a part of the complaint, reads as follows: "This agreement entered into this 11th day of March, A. D. 1892, by and between Thomas Standish of the town of Wethersfield, in Hartford County, party of the first part, and Cornelius Birkery and Owen H. Jones of the town of Hartford, in said county, parties of the second part, witnesseth: Whereas the parties of the second part are owners of certain letters patent of the United States for improvements in valves, and to which patents have been issued and numbered 423,118 and 428,199, and one invention for which letters patent have been applied for; and whereas said improvements are the invention of the said Cornelius Birkery; and whereas all of the parties hereto have signified their intention of forming a joint stock corporation, and have this day signed articles of association therefor, for the manufacture and sale of said valves and improvements and plumbers' supplies; and whereas the said party of the first part has agreed to furnish three thousand dollars of the capital of said joint stock corporation, and the said parties of the second part have agreed to assign their interest in said invention to said joint stock company: Now therefore, in consideration of the above and for the further consideration of one dollar paid by said party of the first part to the said parties of the second part, the said parties of the second part, each of them for

themselves, hereby agree with the said party of the first part that if at any time in the future during the life of said corporation they or either of them should discover or invent any other or further improvement in the said improvements specified in said letters patent already issued and pending, or any invention or improvement in any other article which said corporation is engaged in manufacturing, they or either of them will assign the same to said corporation, so that all right, title and benefit of the same shall enure to said corporation and its successors without cost or charge of any kind to said corporation for the same."

The answer admitted the truth of the matters alleged in paragraphs 1, 3, 4, 5 and 8 of the complaint, and denied expressly or in effect the truth of the matters alleged in the other paragraphs, except that it admitted that the defendant had not assigned and refused to assign the inventions which the plaintiffs in this suit sought to have him assign, and that he threatened to assign said inventions to such persons as he might choose.

In addition to the facts admitted by the pleadings, the committee found the following facts: 1. At the time when the agreement attached to the complaint as Exhibit A was executed, an application for letters patent was pending in the United States patent office for the issue of a patent for an invention of Cornelius Birkery, one of the plaintiffs. The patent had then been allowed, but had not been issued. This patent was afterwards issued to the plaintiff, the Birkery Manufacturing Company, which is the corporation organized in accordance with said agreement. This patent is United States letters patent numbered 479,511, dated June 7th, 1892, a copy of which is hereto attached. This patent is the one referred to in the first recital of said agreement in the words, "one invention for which letters patent have been applied for." 2. On the 1st day of July, 1892, all the right, title and interest of the plaintiff Standish, and of the plaintiff Birkery, in and to the agreement annexed to the complaint as Exhibit A, and under the terms, conditions and covenants of said agreement, were assigned by said plaintiffs, Standish

and Birkery, to the plaintiff, the Birkery Manufacturing Company. 3. Plaintiff Birkery, since the organization of the plaintiff company, invented from time to time and secured United States letters patent for devices connected with and appurtenant to valves, and likewise from time to time assigned the same to the plaintiff corporation for no other consideration than the mutual promises and covenants of said agreement, attached to the complaint as Exhibit A. 4. The plaintiff corporation has made and sold, and is now making and selling, valves, and especially that class of valves known as ball-cocks, and has established a profitable business in making and selling such valves. Immediately after its organization the plaintiff corporation manufactured ball-cocks of the kind described in said United States letters patent numbered 476,511. Soon after the plaintiff company was organized it commenced to make, also, outlet valves. During the year 1892 the plaintiff corporation did no business except in the manufacture and sale of ball-cocks and outlet valves, and in repairing articles brought in by some plumbers. The ball-cocks made by the plaintiff corporation at the time of the commencement of this action were not made strictly and solely in conformity to either of the patents or the application mentioned in said agreement, Exhibit A, but the subject of manufacture had additions contained therein derived from subsequent conceptions. 5. The improvement in ball-cocks invented by the defendant and patented in United States letters patent numbered 564,249, dated July 21st, 1896, a copy of which is attached to the complaint as Exhibit B, is an invention of another and further improvement in the improved article described in the specification forming part of the said United States letters patent numbered 476,511, a copy of which is hereto attached. The invention patented by the defendant in said letters patent numbered 564,249, does not require the use of the invention claimed in said United States letters patent numbered 476,511, nor of the inventions claimed in United States letters patent numbered respectively 423,118 and 428,199. Defendant's said invention, patented by said United States letters patent num-

bered 564,249, is an improvement in an article which the plaintiff corporation was engaged in manufacturing at the time of the commencement of this action, and which it was especially organized to make and sell, namely, in that kind of valve known as a ball-cock. 6. It was admitted and stipulated at the hearing, for the purposes of this case, that the defendant has not procured any other letters patent except the one numbered 564,249, attached to the complaint as Exhibit B. 7. The defendant has no substantial pecuniary responsibility, and a judgment at law against him for reasonable damages could not be collected.

Upon the facts found the plaintiffs claimed that they were entitled to a decree that the defendant assign to the Birkery Manufacturing Company United States letters patent No. 564,249, including all rights· and privileges incident to said patent. This claim the court overruled and rendered judgment for the defendant. The two reasons of appeal are based upon this action of the trial court.

*William Waldo Hyde* and *Arthur L. Shipman,* with whom was *Harry R. Williams,* for the appellants (plaintiffs).

*Lucien F. Burpee,* for the appellee (defendant).

TORRANCE, J. In March, 1892, the written agreement set out in the complaint in this case was made between Standish on the one side and Birkery and Jones on the other. In it Jones recites that he has agreed to assign to the Birkery Manufacturing Company, a corporation then about to be formed, all his right, title and interest in and to the three inventions mentioned in the agreement. This recited agreement he subsequently carried out. In July, 1892, Standish and Birkery assigned to the plaintiff, the Birkery Manufacturing Company, all their right, title and interest in and under the written agreement aforesaid.

In that written contract the defendant Jones agreed that if at any time in the future, during the life of said corporation, he " should discover or invent any other or further improve-

ment in the said improvements specified in said letters patent already issued and pending, or any invention or improvement in any other article which said corporation is engaged in manufacturing," he would assign the same to the corporation, "so that all right, title and benefit to the same shall enure to said corporation and its successors, without cost or charge of any kind to said corporation for the same." Subsequently to the making of this contract, during the life of said corporation, and while it was engaged in the manufacture and sale of ball-cock valves, Jones invented a new and useful improvement in ball-cock valves to secure which were issued to him in July, 1896, letters patent of the United States No. 564, 249; and the important question in this case is whether this invention of his comes within the obligation of his written agreement aforesaid.

In that agreement Jones binds himself to assign to the corporation, (1) "any other or further improvement in the said improvements specified" in the three letters patent which have been already assigned to it; (2) "any invention or improvement in any other article which said corporation is engaged in manufacturing."

The question is whether, under either or both of these clauses, the parties intended to include the subsequent invention made by Jones. It is not enough that they intended to include it, they must also have expressed that intention in the agreement; but in determining whether they have expressed such an intention, the agreement may be read in the light of the facts and circumstances under which it was made, as disclosed upon the record. *Bartholomew* v. *Muzzy*, 61 Conn. 387. When this contract is so read we think it does include the subsequent invention made by Jones which is here in question. Before the contract was made the parties to it had already agreed to form a joint stock corporation for the purpose of manufacturing, among other things, ball-cock valves under the three inventions of Birkery and Jones, and other ball-cock valves. Its capital stock was to be fifteen thousand dollars, of which the parties were to be equal owners. The money for the enterprise was to be furnished by

Birkery Mfg. Co. et al. v. Jones.

Standish, and the inventions by Birkery and Jones. Under these circumstances it was in the power of Birkery and Jones, by subsequent inventions and improvements, either upon the improvements covered by the patents which they were to assign to the corporation, or upon ball-cocks or other articles which the corporation might be engaged in making, to practically destroy the business of the corporation. This is what Standish evidently feared, and it was mainly to guard against this that the written agreement was executed; indeed this appears to be the sole purpose for which it was executed. For this purpose the parties inserted the two clauses in the agreement last above quoted.

It may admit of doubt whether, upon the facts found, the first of these clauses includes the subsequent invention of Jones now in question. Taking a somewhat narrow and technical view of the matter, that invention may not be any " other or further improvement upon the improvements specified " in the letters patent which Birkery and Jones agreed to assign to the corporation, and upon that question we express no opinion. But we are of opinion, upon the facts found, that the second of the above quoted clauses does include the Jones patent. That clause includes " any invention or improvement in any other article which said corporation is engaged in manufacturing." This means at least any article which the corporation shall be engaged in manufacturing, other than the kind of ball-cock valves described in the three letters patent mentioned in the agreement. Now the finding is explicit that when this action was commenced the plaintiff corporation was engaged in making ball-cock valves which were not made strictly and solely in conformity to either of the three patents mentioned in the agreement, and which also " had additions contained therein derived from subsequent conceptions." The plain meaning of this is that the ball-cock valves thus described are articles different from, and other than, the ball-cock valves specified in said three letters patent. It is further found that Jones's invention is an improvement in this article, which the plaintiff corporation was thus engaged in making, and which it was especially

organized to make and sell. The finding thus clearly brings the invention of Jones here in question, within the class of inventions which he agreed to assign to the Birkery Manufacturing Company, and we think the trial court erred in holding otherwise.

Error and judgment reversed.

In this opinion the other judges concurred.