THE BRYANT ELECTRIC COMPANY *vs.* SOPHIE STEIN ET AL.

Third Judicial District, New Haven, June Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

In this State a court of equity cannot reform a written agreement by introducing into it new terms derived from parol evidence, and then enforce it as a written contract sufficient under the statute of frauds.

Such a court may, however, correct a clerical error shown to be such by evidence of the situation of the parties and the circumstances connected with the execution of the contract, and then enforce the written agreement as corrected, without running counter to the statute of frauds; for in ascertaining in this way the real meaning of the instrument, the court does not travel outside the legal boundaries of the writing itself.

In the present case the defendant owner of real estate agreed to sell and the plaintiff to buy it upon terms which were afterward reduced to writing and signed by them; but through a clerical error of the draftsman, the vendor was described as party of the "second" part and the purchaser as party of the "first" part, so that throughout the writing the promises of the vendor were attributed to the

vendee and *vise versa*. *Held* that in a suit by the purchaser to correct this error and obtain a specific performance of the agreement as thus corrected, the plaintiff was entitled to show by extrinsic evidence that the defendant owned the land at the date of the contract, and that she had been paid $100 by the plaintiff to bind the bargain, and thus develop a latent ambiguity in the written instrument, obviously arising from a clerical misdescription of the parties; although even that was unnecessary in this particular instance, since the complaint alleged the defendant's ownership, and the payment of $100 as a "binder" by the plaintiff, each of which the defendant admitted by her demurrer.

The case of *Osborn* v. *Phelps*, 19 Conn. 63, explained and distinguished.

Argued June 1st—decided July 20th, 1920.

ACTION for the reformation and specific performance of an alleged written agreement for the sale of real estate, brought to the Superior Court in Fairfield County where a demurrer to the substituted complaint was sustained (*Curtis, J.*) and judgment was afterward rendered for the defendants, from which the plaintiff appealed. *Error and cause remanded with direction to overrule the demurrer.*

The complaint is based upon a written contract, Exhibit A, for the purchase and sale of described real estate, and in the first count it alleges that thereby the defendant agreed with one Blackman, who was acting as agent, to sell to the plaintiff, and Blackman, as such agent, agreed to buy, the real estate on the terms stated; that at the date of the execution of the agreement the defendant owned the premises; that the plaintiff's agent paid the defendant $100 as a binder, and afterward tendered to the defendant the purchase price and all necessary conveyances ready to be executed, and that the defendant has failed to convey. The second count alleges that by a clerical error of the draftsman, Blackman, agent, was described in the preamble to the contract as party of the "first part," and the defendant Sophie Stein as party of the "second part," and

that the parties executed the agreement in ignorance thereof. The effect of the misdescription is that throughout the contract the agreements of the vendor are attributed to the vendee, and *vice versa.*

The plaintiff claims an injunction *pendente lite* restraining the defendant from conveying the property to any person other than the plaintiff, a decree for specific performance, an accounting, that the contract be reformed so as to describe Sophie Stein, the vendor, as the party of the first part, and Blackman as party of the second part, and for damages.

The defendants demur on the ground that the contract is incapable of being specifically enforced unless reformed, and that a court of equity has no power to first reform and then enforce a contract which is required by the statute of frauds to be in writing and signed by the party to be charged.

*David S. Day* and *Philo C. Calhoun,* for the appellant (plaintiff).

*Robert E. DeForest,* with whom was *Jacob B. Klein,* for the appellees (defendants).

Beach, J. There is a difference of judicial opinion upon the question whether a court of equity may first reform a contract by the introduction into it of a new term derived from parol evidence, and then enforce it as a written contract sufficient under the statute of frauds. See 2 Pomeroy's Equity Jurisprudence (4th Ed.) § 862 *et seq.* But in this State the question is no longer open. *Osborn* v. *Phelps,* 19 Conn. 63. In that case the parties had agreed upon an exchange of lands and the contract was expressed in two separate writings. The intention was that each party should sign the paper containing the agreements to be by him performed, but by mistake each party put his signature to the

paper intended to be signed by the other. In the lower court parol evidence was received and the writing signed by the defendant was reformed accordingly, that is to say, an entirely new contract for the sale of another property on different terms was written over the defendant's signature, and a decree for a specific performance was rendered on the theory that the reformed contract was a contract signed by the defendant. This decree was reversed on appeal, on the ground that the defendant had never signed the agreements contained in the reformed contract. See also *Glass* v. *Hulbert,* 102 Mass. 24; *Elder* v. *Elder,* 10 Me. 80; *Macomber* v. *Peckham,* 16 R. I. 485, 17 Atl. 910; *Wirtz* v. *Guthrie,* 81 N. J. Eq. 271, 87 Atl. 134; *Safe Deposit & Trust Co.* v. *Diamond Coal & Coke Co.,* 234 Pa. St. 100, 83 Atl. 54. The doctrine of *Osborn* v. *Phelps* is, that after the contract has been materially varied by resort to parol evidence with the result of introducing new terms into it, it is no longer the contract signed by the defendant.

But we think that doctrine is inapplicable to the case presented by this complaint and demurrer. In this case no attempt is made to reform the operative part of the written contract. The subject-matter of the contract is correctly described therein, and the agreements of the vendor and vendee are truly stated. The only mistake sought to be corrected is admitted by the demurrer to have been a clerical mistake made by the draftsman whereby the vendor is described in the preamble as party of the second part instead of party of the first part, and the vendee is described as party of the first part instead of party of the second part. In the body of the contract the agreement to sell the land is ascribed to the party of the first part, and the agreement to buy is ascribed to the party of the second part, and the result of this admitted error in transposing the

words "first" and "second" is that all the agreements of the vendor are erroneously attributed to the vendee, and *vice versa*.

Nevertheless, the contract is, on its face, consistent, because it does not happen to contain a recital that Sophie Stein is the owner of the premises. That fact, however, is alleged in the complaint and admitted by the demurrer, and it is a fact which may be proved by extrinsic evidence without in the least degree going outside of the limits permissible in any action on a written contract. "In arriving at the intent expressed or implied in the language used, . . . it is always admissible to consider the situation of the parties and the circumstances connected with the" execution of the contract. *Bartholomew* v. *Muzzy*, 61 Conn. 387, 393, 23 Atl. 604; *Strong* v. *Benedict*, 5 Conn. 210, 220; *Griswold* v. *Allen*, 22 Conn. 89, 98; *Birkery Mfg. Co.* v. *Jones*, 71 Conn. 113, 120, 40 Atl. 917.

The moment it appears, as it does in this record, by the admission of the demurrer, that the defendant Sophie Stein was the owner of the premises at the date of the execution of the contract, Exhibit A, an ambiguity is developed. In the preamble Blackman is described as the party of the first part, but the agreement to sell the premises contained in the next paragraph is necessarily the agreement of the owner, Sophie Stein, who is described as party of the second part. Again, the contract recites that the party of the second part has paid $100 to the party of the first part to bind the bargain, and the demurrer admits the allegation of the complaint that this payment was made by Blackman. If so, Blackman is wrongly described in the preamble as party of the first part. The fact of payment by Blackman before the contract was executed is also admissible as one of the circumstances surrounding the execution of the contract.

In this way a latent ambiguity, obviously arising from a clerical misdescription of the parties, is developed and resolved without resort to any other kind of parol evidence than that which is always admissible in every action at law for breach of a written contract. The effect is not, as the defendant Sophie Stein insists, to write an agreement for the sale of the premises over her signature. The agreement is already there, and it is of course the agreement of the owner of the land. Therefore, it is the agreement of the defendant Sophie Stein, notwithstanding the fact that in another part of the contract she is by clerical error described as party of the second part instead of party of the first part.

We have no doubt that a court of equity may correct a clerical error which can be proved to be such by evidence of the situation of the parties and the circumstances connected with the execution of the contract, and may then enforce the written contract as corrected without running counter to the statute of frauds; for the reason that in so ascertaining the real meaning of the contract, the court does not travel outside of the legal boundaries of the writing itself.

There is error and the cause is remanded with direction to overrule the demurrer to the complaint.

In this opinion the other judges concurred.