COWLES TOLMAN *vs.* JAMES McLAY ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 10th—decided December 22d, 1931.

*John M. Chapnick,* for the appellants (defendants).

*Samuel Campner,* for the appellee (plaintiff).

MALTBIE, C. J. .The plaintiff brought an action in the Court of Common Pleas upon a note given him by the defendant James McLay. In the writ Emma G. McLay, his wife, was also made a defendant, and it was alleged that Mr. McLay had transferred certain property to her without consideration and for the purpose of defrauding his creditors. This property, a certain piece of real estate, was attached in the action as the property of both the McLays. Later a bond was given to release the attachment in much the usual form; it recited that an attachment had been placed upon "property of the said Emma McLay and James McLay," describing it; in the latter part of the bond it provided that if the McLays should pay any judgment which should be. rendered "against him," not exceeding the amount of damages described in the writ or, in default of such payment, should pay the actual value of the interest not exempt from attachment and execution "of the said Cowles Tolman" in the attached property, not exceeding the amount before specified, the bond should be void, but otherwise in full force and effect. Thereafter the plaintiff amended his complaint by adding further allegations as to the transfer of the property to Mrs. McLay, and also by alleging that it was "in truth and in fact the property" of Mr. McLay; by setting forth the fact of the attachment and giving of the bond; and by substituting new prayers for relief, one for money damages and the other that the property standing in the name of Mrs. McLay should be adjudged to be the property of Mr. McLay. The court gave judgment for the plaintiff

to recover damages from Mr. McLay but found the issues for Mrs. McLay.

The present action is brought upon the bond given to release the attachment. A count was added after the action was brought asking the correction of the portion of the bond which obligated the parties to it to pay the value of the interest of "Cowles Tolman" in the property, by substituting the names of Emma McLay and James McLay in place of that of the plaintiff. The court reformed the bond in accordance with this request largely upon the basis of statements of counsel. The mistake in the bond was an obvious error upon its very face; Cowles Tolman had no interest in the property, this provision as written could create no obligation at all and the whole effect of the bond would be nullified by it. The plaintiff could not have intended to accept, nor those who executed it to give, a bond so defective, unless we were to impute to the latter an intent to overreach the former, which we cannot assume. The value of the interest in the property required to be paid was clearly intended to be that of Emma McLay and James McLay, the defendants in the action. Confronted with such an apparent error upon the face of the instrument, the court had the right to correct it and then to enforce the bond as so corrected; in so doing it was merely ascertaining the real meaning of the contract and was not traveling outside the legal boundaries of the instrument itself. *Bryant Electric Co.* v. *Stein,* 95 Conn. 211, 216, 111 Atl. 204. Indeed, it was merely giving formal effect to the interpretation of the contract which, without that, it might have adopted. *Siegel, Cooper & Co.* v. *Colby,* 176 Ill. 210, 214, 32 N. E. 917; *Manson* v. *Dayton,* 153 Fed. 258, 268; 4 Page, Contracts, § 2032. The principles governing the reformation of contracts in ordinary cases of mistake invoked by the defendant

have little or no application to the correction of a clerical error apparent upon the face of an instrument. The trial court was right in correcting the instrument as it did.

The bond in terms secured the payment of the judgment in the original action against James McLay. By its recital that an attachment had been placed upon the property of James McLay and Emma McLay, it estopped the parties to it from claiming that James McLay did not have an interest in the property, although they might show, assuming the burden of proof in this regard, that he had only a very limited interest, even to the extent of reducing the damages recoverable to a merely nominal amount. General Statutes, § 5613; *Birdsall* v. *Wheeler,* 58 Conn. 429, 20 Atl. 607; *Safford* v. *McNiel,* 102 Conn. 684, 689, 129 Atl. 721. Judgment finding the issues for Mrs. McLay in the action in the Court of Common Pleas did not have the effect of establishing the fact that James McLay had no interest whatever in the property. The prayer for relief in that action sought to have the property adjudged to belong to James McLay alone and judgment against the plaintiff on that issue does not necessarily import an adjudication that he had no interest in the property. To ascertain whether such an issue was determined in that case, we may properly search the record of it. *Storrs* v. *Robinson,* 74 Conn. 566, 51 Atl. 516; *S. C.,* 77 Conn. 207, 209, 58 Atl. 746. If we do that, we find from the memorandum of decision that the judgment was based on the conclusion that by the terms of the bond both parties to the action were estopped to claim that neither had an interest in the property. Upon the other evidence offered, the trial court could reasonably reach the conclusion that the defendants had not sustained the burden of proof resting upon them to show that the inter-

est of James McLay in the property was less than the amount ordered to be attached in the action. To be sure, both Mr. and Mrs. McLay testified that she bought the property with her own money and owned it. But other circumstances cast great doubt upon the truth of that statement, for example, her references to the money which went to buy the property as a loan to her husband; the fact that the title was actually taken in his name and later transferred to her; and the reasons she gave for this transfer.

There is no error.

In this opinion the other judges concurred.