ELIZABETH BRUNETTO *v.* ROYAL EXCHANGE ASSURANCE COMPANY ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued March 5—decided May 1, 1940.

*James E. Murphy,* with whom was *Isadore L. Kotler,* and, on the brief, *Francis J. King,* for the appellant (plaintiff).

*Richard H. Ireland,* with whom was *Paul R. Connery,* for the appellee (named defendant).

MALTBIE, C. J.  The plaintiff brought this action against the defendant company to recover upon an insurance policy for damage by fire to a house owned by her, alleging, in addition to facts relevant to a

recovery of damages, that by fraud or mistake the policy had named both herself and her husband, Joseph Brunetto, as the insured; and she sought "by way of equitable relief" a reformation of the policy and damages. Upon motion the husband was made a party defendant, but judgment by default was rendered against him. The case was tried to the jury and they returned a verdict for damages against the husband as well as the defendant company. The trial court set the verdict aside because it held it to be excessive, because there was no basis for judgment for damages against the husband, because of several errors the court was of the opinion it had committed in its charge to the jury, and because of improper argument by the plaintiff's counsel which it believed it had not successfully counteracted in the charge. From this ruling the plaintiff has appealed.

The plaintiff concedes that the verdict was excessive and of course a verdict for damages against the husband was improper; but she claims that the trial court should not have set the verdict aside unconditionally but should have directed that it be set aside unless a remittitur of the excess amount of damages were filed. In an early case we followed certain English precedents which denied the right of a plaintiff after judgment to remit a portion of the damages as not properly awarded. *Davenport* v. *Bradley*, 4 Conn. 309, 311. However, as appears in *Noxon* v. *Remington*, 78 Conn. 296, 300, 61 Atl. 963, even before the adoption, in 1874, of the statute, now § 5647 of the General Statutes, permitting a party to remit any portion of a judgment which is excessive by reason of mistake or clerical error, new trials were granted conditioned upon a failure to file a remittitur; and we not only approved that practice but pointed out that in many cases it was a beneficial procedure. See *Doroszka* v. *Lavine*, 111

Conn. 575, 579, 150 Atl. 692. However, whether a trial court will make such an order or will set the verdict aside unconditionally, is a matter which rests in its discretion; *Doroszka* v. *Lavine,* supra, 578; *Gila Valley G. & N. Ry. Co.* v. *Hall,* 232 U. S. 94, 104, 34 Sup. Ct. 229; *Doyle* v. *Dixon,* 97 Mass. 208, 213; and its exercise of that discretion must stand in the absence of abuse of its power.

The trial court was unduly critical of its charge. In fact its memorandum of decision, when read in the light of the claims of the parties, emphasizes the caution which we gave in *Jackiewicz* v. *United Illuminating Co.,* 106 Conn. 310, 311, 138 Atl. 147: "The setting aside of a verdict by the trial judge for error in his instruction to the jury should be exercised by him with great caution; and never done, unless he is entirely satisfied upon the authorities or the statutes, that his error is unmistakable and must have been unquestionably harmful." One reason for this is that it naturally is difficult for a trial court to review its own charge in such a spirit of detachment from the actual trial of the case as not to be influenced by impressions received at the trial as to the conclusions and resulting verdict which it believes the jury should have reached. It is not necessary, however, to consider in detail the errors which the trial court believed it had committed. It evidently was of the opinion that the verdict was influenced by misunderstanding, sympathy or prejudice. The award of damages in an amount which can in no way be reasonably explained and the inclusion of the husband in the verdict when no damages could properly be awarded against him indicate that this was so; and beyond question the charge might, in certain particulars, have more clearly defined the issues. For example, the fire was admittedly caused by the explosion of a still upon the premises and in its special

defense, the defendant claimed that the maintenance and operation of the still was in violation of the terms of the policy; but the trial court made only a passing reference to the matter in its charge. We cannot say that the trial court abused its discretion in setting aside the verdict as a whole.

As its ruling affords the basis for a new trial, it may be well to point out certain matters of procedure which apparently were overlooked. There are certain situations where, in an action at law for damages, a plaintiff may prove that a contract by mutual mistake does not really represent the intent of the parties and where he may recover damages based upon the contract which was actually made, in disregard of its mistaken form. *Tolman* v. *McLay*, 114 Conn. 98, 100, 157 Atl. 647. But that can hardly be done where a third person is a necessary party to an adjudication that there was such a mistake, as was the situation in this case. Moreover, the present action involved a direct appeal to the equitable powers of the court. The typewritten file of the case in this court discloses that the plaintiff made a general claim for the jury list; and in the absence of an order of the court that all issues be tried to the jury this request would only have the effect of requiring that they determine the legal issues arising after the question as to the reformation of the policy had been determined. *Bisnovich* v. *British American Assurance Co.*, 100 Conn. 240, 248, 123 Atl. 339. In that case it is pointed out that in such a situation the trial court should first try the issues presented under the claim for a reformation of the policy without a jury. Moreover, if the whole case be tried to the jury, the equitable issues should be submitted to them by an interrogatory upon the answer to which the trial court could base its judgment as to the reformation of the policy, leaving the issues as to liability under it as

reformed to be determined by a verdict in the usual form. *Berry v. Hartford National Bank & Trust Co.,* 125 Conn. 615, 619, 7 Atl. (2d) 847.

There is no error.

In this opinion the other judges concurred.