[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON FACT FINDERS REPORT AND REMITTITUR
The above entitled matter was referred after default to Attorney Fact Finder David F. Ertman, who after an evidentiary hearing in damages, rendered a report dated January 24, 1995. The court has the following authority regarding a fact-finders report: "The court may (1) render judgment in accordance with the finding; (2) reject the finding and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of fact, (3) reject the finding and remand the matter to another fact-finder for a rehearing; (4) reject the finding and revoke the reference or (5) take any other action the court may deem necessary." Connecticut General Statutes§ 52-549s.
The court has reviewed the fact-finder's report and finds the portion of the report regarding "late charges" unacceptable. The fact finders report contains sufficient information and findings for the court to act under § (5) of Connecticut General Statutes §52-549s.
CT Page 5050
The following findings of the fact-finder are accepted; (a) rent arrears, $8,100.00, (b) water bill, $440.00, (c) oil bill, $300.00(d) attorney's fees limited to 15% of all items, and (e) credit to the defendants of a $2800.00 security deposit. The fact-finder found in addition to the above a late charge deficiency of $2,254.00 calculated as per paragraph 8 of the written lease; "late charges of $5.00/day for each payment that is more than ten (10) days late." The fact-finder report states "In reviewing the data to prepare this report, it does now appear that the $5.00/diem payment, as applied by Begin, is unconscionable as it arises well above 12% per annum. See CGS Title 37.
The late payment claim is thus limited herein to 12% per annum with accrual from the 30 April 1993, 30 days after Reissman's vacated, to the date of this hearing in damages." The fact-finder added this $2,254.00 of late charges to items (a), (b) and (c) and from resulting total calculated the 15% attorney's fees to be $1,664.00.
This court accepts the findings of the fact finder that the $5.00 per day late charge is unconscionable. Late charges must be reasonable in amount. Beir v. Gliniak, H-176, January 28, 1980 (Spada, J.). A late charge is a form of liquidated damages. Liquidated damage claims although agreed to by the parties in writing after due negotiation still must be reasonable. Liquidated damage claims that are excessive and do not bear a reasonable relationship to the actual damages sustained will be rendered void as penalty. Norwalk Door Closer Co. v. Eagle Lock andScrew, 153 Conn. 681, 689 (1966); Vines v. Orchard Hills, Inc.,181 Conn. 501, 511 (1980); Beverly Ellsley Inc. v. Benson,1993 Ct. Sup. 8255, October 12, 1993 (Fuller, J.).
The fact finder found that $5.00 per day late charge constantly accruing was unconscionable. This court agrees that a $5.00 late charge constantly accruing is a penalty.
This issue was raised in the fact finders hearing in damages. Both parties offered evidence and legal argument. The fact finder rendered his report finding that the late charges as calculated to be unconscionable.
Late charges by themselves can be awarded if agreed to by the tenant. In this case paragraph 8 of the lease contained such an agreement. Cramer v. Avery, NH-463, June 9, 1989 (DeMayo, J.), Clarkev. Mele, SNBR-372, February 28, 1992 (Leheny, J.); Milano v. Paladino,
NH-552, 6 CSCR 556, April 1, 1991 (Vertefeuille, J.). Late charges are not owed for any month following the landlord's termination of the lease. Barraco v. Ethel Allan, Inc., SNBR-344, 6 CSCR 332 January 17, CT Page 5051 1981 (Melville, J.), Milano v. Paladino, supra. Although there are no findings in the fact finder's report that the landlord terminated the lease, the above cases support the proposition that continually accruing late charges are not proper a element of damages in Connecticut.
The monthly rent was $1400.00. Many Connecticut leases contain a late charge not to exceed 5% of one month's rent. Others charge a flat fee, usually in the $25.00 range. Cramer v. Avery, supra p. 3; Milanov. Paladino, supra p. 6. Those late charges can be justified by the administrative costs necessary to monitor late payments. The court therefore would consider a 5% late charge reasonable. Thus the late charge for each month based upon a $1400 rental would be $70.00. The fact finder's report found $8,100 to be unpaid rent. Thus approximately six months was unpaid. Late charges in the amount of $420.00 under the circumstances of this case would appear to be reasonable.
Therefore this court accepts certain of the findings of the fact finders report and makes the mathematical adjustments as to the late charges and resulting recalculation of 15% attorney's fees. The damages are found to be;
(a) unpaid rent $ 8,100.00
(b) unpaid water bill 440.00
(c) unpaid gas bill 330.00
(d) late fees 420.00
 (e) attorney's fees — 15% 1.393.50 of (a)(b), (c) and (d) 10,683.50
less credit for security deposit 2,800.00 __________ $7,883.50
In accordance with the fact finders statute the court will "take any other action the court may deem necessary." Connecticut GeneralStatutes § 52-549s(5). The court has the right to order a remittitur. "If any judgment is rendered, by mistake or clerical error, for a larger sum than is due." Connecticut General Statutes § 52-228, Practice Book§ 325, Brower v. Perkins, 135 Conn. 675, 682 (1949); Alfano v.Insurance Center of Torrington, 203 Conn. 607, 614 (1987).Connecticut General Statutes § 52-216a.
CT Page 5052
The court therefore, regarding the fact finder report of January 24, 1995 in the full amount of $9,958.00 in accordance with ConnecticutGeneral Statutes § 52-228, hereby orders a remittitur $2,074.50 to be filed by the plaintiff by June 1, 1995, so that the resulting judgment in favor of the plaintiffs as against the defendants will be $7,883.50.
If the remittitur is not filed by the plaintiff in writing by June 1, 1995, this court will reject the finding of the fact-finder effective June 2, 1995 and remand the matter to another fact-finder for a rehearing. Connecticut General Statutes § 52-549s(3), Brunetto v. RoyalExchange Assurance Co., 126 Conn. 569, 571-572 (1940).
BY THE COURT,
KEVIN TIERNEY, JUDGE